### GULF, COLORADO & SANTA FE RAILWAY COMPANY
### v. C. A. LANKFORD.

#### No. 310.

1. **Charge—Issues Upon Facts Constituting Negligence.**

   A charge submitting issues of fact which if found to exist preclude any finding other than of negligence, and directing a verdict upon them as upon a finding of negligence, is not a charge upon the weight of evidence. See example. Nor is such charge erroneous ................................... 504

**2. Defective Charge.**

The court having instructed the jury upon the liability of the defendant on charge of negligence, added instructions upon matters of defense, not, however, covering the entire grounds of defense, but correct so far as given. In such case it devolved upon the defendant to request instructions upon the omitted points; failing to do so, he can not complain.......... ...... 505

ERROR to Court of Civil Appeals for Second District, in an appeal from Cooke County.

Lankford instituted this suit in the District Court of Cooke County to recover of plaintiff in error $12,285 for personal injuries to his wife, alleged to have been received in a collision between a wagon in which she was riding and one of appellant's trains, in the city of Gainesville. Defendant answered by general denial, and by special answers raising all the issues made by the evidence. (The opinion gives the facts.)

Trial before a jury, April 29, 1893; verdict and judgment for plaintiff for $1000. The judgment was affirmed by the Court of Civil Appeals.

In application for writ of error, the plaintiff in error complained that the Court of Civil Appeals erred in failing to sustain its eighth and thirty-first assignments of error, and erred in holding that the trial court did not err, as charged in said assignments, which are as follows:

"8. The court erred in the third section of its charge to the jury, wherein the court charged the jury, that 'if you believe from the evidence that plaintiff or his wife failed to exercise ordinary care, and that such failure contributed to the injury of plaintiff's wife, yet if you should find that before plaintiff's wife received her injuries, if she was injured, it became known to either of the agents or servants of defendant who were engaged in operating said engine and cars that there was about to be a collision between said cars and the wagon in which plaintiff and his wife were riding, and if this became known to such agent or servant in time for him to have stopped said cars or to have diverted them from the track upon which they were running, and if he could have done so by the use of the means then at hand in time to have prevented such injuries, then you will find for the plaintiff,' etc.; the above charge being upon the weight of the evidence and invading the province of the jury, whose duty it is to determine whether certain acts do not constitute negligence, and said charge, in effect, declaring that it would be negligence of the defendant if its agents or servants, or either of them, under the circumstances mentioned therein, failed to do certain specific acts, to wit, to stop said cars or to have diverted them from the track upon which they were running."

"31. The court erred in charging the jury as follows: 'If you believe from the evidence that the plaintiff or his wife failed to exercise ordinary care, and that such failure contributed to the injury of plaintiff's wife, yet if you should find that before plaintiff's wife received

her injuries, if she was injured, it became known to either of the agents or servants of the defendant who were engaged in operating said engines and cars that there was about to be a collision between said cars and the wagon in which plaintiff and his wife were riding, and if this became known to such agent or servant in time for him to have stopped said cars or to have diverted them from the track upon which they were running, and if he could have done so by the use of the means then at hand in time to have prevented said injuries, then you will find for the plaintiff; but unless you find from the evidence that such agent or servant knew, or by the exercise of ordinary care could have known, that there was about to be such a collision, and unless you find that he knew or could have known this in time to have prevented said injury, and could have prevented it by the exercise of ordinary care, then you will find for the defendant.' Because by said charge the jury were warranted in finding in favor of the plaintiff, even though they may have found the plaintiff or his wife were guilty of contributory negligence, if they believed under the evidence that the defendant's servants in the exercise of ordinary care could have discovered the danger in which plaintiff and his wife were, in time to have prevented the injury; whereas the law is, that the plaintiff's contributory negligence would have barred his recovery unless the jury found the employes in charge of the train did discover the danger in time to have prevented the injury."

*J. W. Terry* and *Chas. K. Lee*, for plaintiff in error.—1. We complain of the charge of the trial court for two reasons: (1) Because it declares the doing, or the failure to do, certain specific acts which are not commanded nor forbidden by the statute, to be negligence. (2) Because the effect of the charge is to nullify the whole defense of contributory negligence, in that it in effect tells the jury that if the defendant was guilty of negligence, and plaintiff was also negligent, the plaintiff could not recover; provided, if the defendant was also negligent the plaintiff could recover. Railway v. Gascamp, 69 Texas, 547; Railway v. Anderson, 76 Texas, 249; Railway v. Lee, 70 Texas, 501; Railway v. Roberts, 20 S. W. Rep., 961; Railway v. Grubbs, 26 S. W. Rep., 326; Railway v. Dyer, 76 Texas, 159; Railway v. Pendry, 29 S. W. Rep., 1039; Railway v. Bagley, 3 Texas Civ. App., 207; Railway v. Koska, 23 S. W. Rep., 1002; Railway v. Murphy, 46 Texas, 365; Railway v. Garcia, 75 Texas, 583; Dooley v. Railway, 12 South. Rep., 956; Railway v. Williams, 12 South. Rep., 957; McDonald v. Railway, 86 Texas, 1; Railway v. Brown, 75 Texas, 268; Railway v. Greenlee, 62 Texas, 344; Henry v. Sampson, 2 Texas Civ. App., 150.

2. He who goes into a known danger does so at his own risk, and can not recover therefor. Hargis v. Railway, 75 Texas, 21; Railway v. Garcia, 75 Texas, 591; Rigler v. Railway, 26 Am. and Eng. Ry. Cases, 386; Pernett v. Railway, 18 Atl. Rep., 668; Railway v. Hodges, 21 S. W. Rep., 563; Winner v. Oakland, 27 Atl. Rep., 1110; Railway

v. Taylor, 104 Pa. St., 311; City of Erie v. Magill, 101 Pa. St., 616; Schaeffer v. Sandusky, 33 Ohio St., 246; City of Centralia v. Krouse, 64 Ill., 19; Parkhill v. Brighton, 61 Iowa, 101; Wilson v. Charlestown, 90 Mass., 137; Railway v. Montgomery, 85 Texas, 68; Worthington v. Wade, 82 Texas, 29; Railway v. Bradford, 66 Texas, 737.

*Davis & Garnett,* for defendant in error.—1. It was an uncontroverted fact, under all the evidence, that appellee, by reason of the unmanageable condition of his team and their proximity to appellant's track, was placed in such a position of peril that if cars were then run on the track a collision with said wagon would in all probability occur. The undisputed evidence further shows, that such collision could have been prevented in no possible way except by diverting or stopping said cars then approaching appellee. The testimony of appellant's employes then in charge of said cars showed that they actually saw appellee, that his team was beyond his control, and his proximity to the track on which said cars were being propelled; and appellant's foreman then in charge of the movement of said cars testified, that seeing and knowing appellee's condition, he stepped in between said cars, uncoupled them from the engine, and then permitted them to run towards and upon appellee, while in such condition. The uncontradicted evidence of appellant's employes shows, that it would have been an easy matter for one of them present to have boarded the moving cars and have stopped or diverted them before reaching appellee, but that none of them did so or attempted to do so. In view of these uncontroverted facts, the appellant suffered no injury by reason of the charges complained of. Railway v. Delahunty, 53 Texas, 212; Railway v. Lauricella, 28 S. W. Rep., 278; Railway v. Chapman, 57 Texas, 79; Railway v. George, 85 Texas, 154; Artusy v. Railway, 73 Texas, 194.

2. The Court of Civil Appeals, in its conclusions of fact, finds as true those facts as above set forth. These findings being conclusive upon this court, appellant suffered no injury by reason of said charge complained of, because the jury could not have rightly rendered any verdict other than the one rendered. Gen. Laws 22nd Leg., p. 26, sec. 5, subdiv. 3; Railway v. Lauricella, 28 S. W. Rep., 279; Race v. Potter, 85 Texas, 477.

DENMAN, ASSOCIATE JUSTICE.—While Lankford was driving his wagon along by the side of the railroad at a place where there were three tracks, his horses became unmanageable and began rearing and plunging in close proximity to one of the tracks, some of the witnesses claiming that they were sometimes on and sometimes off the track as they thus went along, but all agreeing that they were very close thereto. In order that there may be no confusion as to the very point under examination, let it be conceded that Lankford was guilty of negligence in attempting to drive along the road by the side of the track

when there was another a few yards away which he could have as conveniently taken.   As Lankford was thus going along the track, a few yards behind him was a switch, at which was standing one of defendant's switchmen, by the use of which switch the cars hereafter mentioned could have been thrown onto either of said tracks; and a few yards further back was a train of cars standing still, the engine being farthest from Lankford, on which engine was a fireman and engineer, the former of whom saw Lankford's horses plunging along near the track; and near by was the foreman of the crew, whose duty it was to signal the movements of the train, and he too saw Lankford's situation, as did the switchman and fireman.

The object of all these parties was to start these cars with the engine over the switch, and then cut them loose from the engine and allow them to run onto and along the track next to Lankford.   Under these circumstances, said foreman signaled the fireman to run the cars back over the switch, which said switchman set so as to throw the cars on the track next to Lankford, and thereupon the cars were run back over said switch and uncoupled from the engine and allowed to run along said track without any one on same, until the foremost one overtook and crushed down one of Lankford's horses, which was just then upon the track, and thereby Mrs. Lankford was either thrown from the wagon or caused to jump therefrom, whereby she received the injuries resulting in this suit.

No effort was made to stop or divert the cars to another track, or avoid the injury, by defendant's servants.

After giving correct charges upon the issues of defendant's negligence and plaintiff's contributory negligence, the court charged the jury as follows:   "If you believe from the evidence that plaintiff or his wife failed to exercise ordinary care, and that such failure contributed to the injury of plaintiff's wife, yet if you should find that before plaintiff's wife received her injuries, if she was injured, it became known to either of the agents or servants of the defendant, who were engaged in operating said engine and cars, that there was about to be a collision between said cars and the wagon in which plaintiff and his wife were riding, and if this became known to such agent or servant in time for him to have stopped said cars or to have diverted them from the track upon which they were running, and if he could have done so by the means then at hand in time to have prevented said injuries, then you will find for the plaintiff."

It is urged that this charge is upon the weight of the evidence, in that it virtually instructs the jury that a failure to stop or divert the cars would be negligence, whereas the question, whether such failure was negligence under all the circumstances, should have been left to the jury.

The question then is, did the court in said charge invade the province of the jury and determine for them a question of fact which, under the law and the evidence, they could have rightfully determined

otherwise; or in other words, could the jury, under the evidence, after finding the facts they were required to find by the charge in order to find for plaintiff, have rightfully refused to find, that a failure to stop or divert the cars was negligence?

An analysis of the charge shows that the jury were required to find from the evidence the following facts: (1) That before plaintiff's wife was injured it become *known* to one of defendant's servants operating the train that there was *about* to *be a collision* between the train and wagon; (2) that such fact was known to such servant *in time* for him to have stopped or diverted the cars; (3) that by the use of the means *then* at his command he could have stopped or diverted them *in time* to have prevented said injuries.

The verdict must be taken as establishing each of said facts. In addition thereto, the undisputed evidence shows, that neither of the servants of defendant engaged or concerned in moving said cars made any effort whatever to avoid the collision, which, according to the facts above found, they knew was going to happen.

Stated briefly, the facts found and undisputed, as aforesaid, show that a servant of the company engaged in propelling a car knows that there is an impendent collision, which, but for his intervention, will happen between such car and a wagon, in which a number of persons are riding, which collision he has the means at hand to prevent by stopping or diverting the car, but makes *no effort to do so,* and the collision consequently occurs.

Could the jury, with these facts established, rightfully have refused to find such servant negligent? We think not.

With such facts found or admitted, there would have been no support for such a verdict. If such servants had not known there was about to be a collision, or if they had made any effort to prevent same, and the court had charged that a failure to resort to certain means would render defendant liable, an entirely different question would have been presented.

We are of the opinion that there was no error in giving the charge.

In the event the jury believed the servants of defendant did not know there was about to be a collision, but simply knew the horses were plunging along near the track, the question would have been for the jury to determine whether it was negligence to make no effort to stop or divert the car. The charge did not deal with this theory of the case, and defendant asked no special charge applicable thereto.

Immediately following the charge above, the court gave the following charge: "But unless you find from the evidence that such agent or servant knew, or by the exercise of ordinary care could have known, that there was about to be such collision, and unless you find that he knew or could have known this in time to have prevented said injury, and could have prevented it by the exercise of ordinary care, you will find for defendant."

In this charge the court was not presenting the circumstances which would render defendant liable, as it had done in the charge preceding, but was presenting a theory under which defendant would not be liable, and if there was another theory, not embraced therein, under which defendant would not have been liable, a charge presenting such theory should have been asked. The charge was correct as far as it went, although we agree with appellant in the proposition, that Lankford being negligently on the track, such negligence would have defeated his recovery, unless, after he was in peril, the agents of the defendant actually knew of his peril, and were then guilty of negligence in failing to avert the injury.

The judgment is affirmed.

*Affirmed.*

Delivered June 10, 1895.