Missouri, Kansas & Texas Railway Co. v. Cora C.
Ransom et al.

Delivered March 20, 1897.

**1. Evidence—Books—Mortuary Tables.**

In an action for negligently causing death, the Flatchcraft Insurance Manual, with the mortury tables therein, was admissible to prove the life expectancy of the deceased, it being shown that it was a standand authority among insurance men.

**2. Charge of Court—Negligence—Railway Collision.**

Where the evidence showed that the deceased was killed by a collision of trains at a railway crossing, where defendant was by statute required to stop its trains, and the defense was that, owing to causes beyond its control, the air-brakes failed to work, the court did not err in charging that if, after discovering such fact, defendant's servants could, by the exercise of reasonable care, have stopped the train by other means, the failure to do so constituted negligence, and such charge was not on the weight of evidence.

**3. Action for Death—Measure of Damages—Price of Annuity.**

In an action for damages for negligently causing death, the court properly refused to charge that the measure of plaintiff's recovery, if any, was the sum which would purchase an annuity equal to the values of the pecuniary aid which plaintiffs would have derived from the deceased, calculated from the facts and circumstances in evidence before the jury and mentioned in the instruction, since this would have been calculated to restrict the jury too closely in their estimate of the damages.

**4. Same—Verdict Not Excessive.**

A verdict of $5000 for negligently causing the death of a brakeman 40 years old, earning $60 per month, and who was an industrious, frugal, economical and temperate man, with good business prospects, is not excessive.

Appeal from Ellis.      Tried below before Hon. J. E. Dillard.

*T. S. Miller* and *G. C. Groce*, for appellant.—1.   Unless the Flatchcraft's Manual and the tables therein, are standard works of which the courts take judicial notice, the evidence of correctness, authenticity, and approved use was insufficient to authorize the books and the tables therein to be introduced in evidence.   The book mentioned was produced by one Phillips, a fire insurance agent, who also represented one life insurance company, who had bought it himself and knew nothing of the correctness of the statements, tables, and estimates in it.   He said the book was used by nearly all insurance men; that he knew a good many used it, and that his general agent referred to it.   That the tables in it purported to show by estimation the probable duration of life at any given age, based upon estimates of average lives of healthy men.   Upon this evidence, over objections by appellant's counsel, the book and tables therein were introduced in evidence to show that at forty years of age the expectancy of life is 28 18-100 years.   Railway v. Arispe, 81 Texas, 253.

2.   The damages recoverable in this character of actions are measured by pecuniary injury resulting to the parties entitled to sue by reason of the death of the person killed.   This was what they were accustomed

to receive during his lifetime, or had reasonable expectation of receiving from him but for his untimely death. Neither the necessities of those entitled to sue, nor the moral obligations of the deceased to them, is the standard by which a recovery is to be measured, but what he actually did, or willingly could, and probably would have contributed to them. The measure of plaintiff's recovery was therefore a sum which would purchase an annuity equal to the value of the pecuniary aid which plaintiffs would have derived from J. W. Ransom, the deceased. Railway v. Cowser, 57 Texas, 302; Railway v. Johnson, 78 Texas, 542; Railway v. Henry, 75 Texas, 224; McGown v. Railway, 85 Texas, 293; Railway v. Bayfield, 37 Mich., 213; Mynning v. Railway, 59 Mich., 262; Nelson v. Railway, 104 Mich., 582.

*M. B. Templeton*, for appellee.—1. The propositions submitted by appellant under the fourth and fifth assignments of error, is an attempt to criticise the charge of the court in his definition of ordinary negligence, etc. The criticism, we think, is hypercritical. The charge of the court is in line with the opinion in Railway v. Smith, 87 Texas, 353. The charge, taken as a whole, was certainly as favorable, if not more so, to defendant as it was entitled to. Appellant did not contend that it stopped its train at the crossing. This was negligence per se. Railway v. Lankford, 88 Texas, 502; Railway v. Bowles, 88 Texas, 634.

2. The proposition submitted under the seventh assignment of error relates to a rule as to the measure of damages. No such rule as the one invoked has ever been held as the proper one as a matter of law. There is no market for the sale of annuities. Who is going to sell an annuity on the terms proposed? The price of money now may not remain the same for ten, fifteen or twenty years. The charge given on the measure of damages is in accord with the statute and the decisions of the Supreme Court on the question. Railway v. Kindred, 57 Texas, 491.

LIGHTFOOT, CHIEF JUSTICE.—We adopt appellant's statement of the case, as follows:

On March 13, 1895, John W. Ransom instituted his suit in the District Court of Ellis County, Texas, to recover from appellant damages for alleged personal injuries charged to have been afflicted on him in a collision between trains of appellant and one on the Fort Worth and New Orleans Railway, at a crossing of the two roads near Waxahachie, Texas, on December 25, 1894, such collision being alleged to have been the result of negligence by the employes of appellant. On June 4, 1895, the death of said John W. Ransom was suggested, and leave was granted to amend and make new parties.

On August 28, 1895, Cora C. Ransom filed in said court her petition, purporting to be an amendment of the petition filed by said John W. Ransom against appellant, and also against the Fort Worth and New Orleans Railway Company, and as surviving widow of said John W. Ransom, on behalf of herself, his five minor children, and his surviv-

ing parents, alleged the death of said John W. Ransom from injuries received in a collision between trains of the two defendants at a crossing of their roads near Waxahachie, Texas, on December 25, 1894, and charged such collision to have been the result of negligence by the engineers of both companies in failing to bring their trains to a full stop before reaching said crossing. The petition alleged that John W. Ransom was a brakeman on the Fort Worth and New Orleans Railway Company's train, and charged gross negligence by both companies, and that the defendants knowingly employed incompetent engineers, and prayed a recovery of damages, actual and exemplary, by reason of the death of said John W. Ransom, to be apportioned among the parties entitled.

Appellant Missouri, Kansas and Texas Railway Co. set up in its answer that it was equipped with the latest, best and most approved appliances for stopping trains, which worked perfectly up to the crossing mentioned in plaintiff's petition, and that if its said train failed to stop as alleged, it was not from negligence of its employes, but because its braking appliances were either tampered with and deranged by trespassers and wrong-doers, without the knowledge or consent of its employes, and under circumstances which rendered it impossible for its servants and employes to discover such tampering in time to have avoided the collision complained of; or if this was not true, then such failure to stop was the result of defects in its appliances not discoverable by the most careful examination, and which human skill, care and inventive genius had, as yet, been unable to overcome in the best, safest and most approved appliances for stopping trains, and that the collision was, and so far as it was concerned, an unavoidable accident. Also, that Ransom was a fellow servant with the engineer of the Fort Worth and New Orleans train, whose negligence was charged to have caused his death.

At the May term, 1896, the cause went to trial, resulting in a judgment in favor of the Fort Worth and New Orleans Railway Co., and judgment in favor of plaintiff against the appellant Missouri, Kansas & Texas Railway Co. of Texas for $10,000, apportioned between her and her minor children, from which judgment the latter company appeals.

From the facts found, the verdict of the jury and the judgment of the court thereon, we conclude; that John W. Ransom, the original plaintiff, died May 31, 1895, leaving surviving him the appellees as his widow and children, and John R. Ransom and Roxana Ransom, his father and mother. That on December 24, 1894, said John W. Ransom was in the employ of the Fort Worth and New Orleans Railway Co. as a brakeman on a passenger train, that the railway tracks of both defendants cross each other about one mile west of Waxahachie. That while the said John W. Ransom was in the discharge of his duty on the last named date, on the train going west on said Fort Worth and New Orleans track, at or near said crossing, the servants of the appellant Mis-

souri, Kansas & Texas Railway Co. of Texas negligently run a passenger engine with a train of cars attached thereto into the train of said Fort Worth and New Orleans Railway Co., on which said John W. Ransom was at work, and without fault on his part, thereby causing a wreck, and greatly injured him, from which injuries he died on May 31, 1895, and whereby appellees and each of them were damaged in the amounts found by the verdict and judgment below. Other facts necessary to be determined will be found under the different assignments considered.

1.   The second assignment of error objects to the admission in evidence of the Flatchcraft Insurance Manual, with the mortuary tables therein, for the purpose of showing the life expectancy of the deceased. It was proved that this manual was published in the United States and used by nearly all insurance men, and considered reliable and standard authority among them, and that it is the American experience table showing the expectancy of life. The predicate having been properly laid, it was not error to admit the evidence. Railway v. Smith, 20 S. W. Rep., 644; Railway v. Greer, 21 S. W. Rep., 649; Railway v. Arispe, 81 Texas, 523.

2.   Appellant's third assignment complains that the court failed to submit in its charge to the jury the question as to whether the collision and consequent injury to plaintiff was produced by wrongful tampering by unknown and unauthorized persons with its appliances for stopping trains, or the result of latent defects. The first question was submitted by the court to the jury; the second was not supported by the evidence. In either case, if appellant desired further or fuller instructions upon its defenses, special instructions should have been requested. Railway v. Lankford, 88 Texas, 499.

3.   In the fourth and fifth assignments of error the charge of the court in its general definition of negligence is criticised. Upon this point, while the definition is not free from objection, yet we find no material error in it, and in the application of the question to this case, the charge is perfectly fair and all that appellant could require.

4.   The sixth assignment is as follows.   "The court erred in giving the first special instruction requested by plaintiff, to the effect, that if on approaching the crossing where the collision complained of happened, the engineer of the M., K. & T. Ry. Co. of Texas (appellant), attempted to apply his air brakes and stop his train, and such brakes failed to work from causes which could not be avoided by the servants of the company, yet if after the discovery by the servants and employes of the company, if they did, that such brakes failed to work, they or any of them, in the exercise of reasonable care under the circumstances, could have stopped the train by the use of some other safe means, then the failure so to do, if they did, constituted negligence, because (1) it was a question of fact for the jury whether the state of facts set forth in said charge constituted negligence as negligence should have been defined by the court; (2) the evidence showed that there were servants and employes of defendant on

the train who had nothing to do with its operation;   *   *   *   (3) the jury are left to conjecture as to what 'other safe means' are referred to in the charge; (4) the court was not justified under the evidence in charging as a matter of law that a failure to attempt to stop the train, under the circumstances shown, otherwise than by the air brakes, worked either from the engine or coaches, was negligence per se."

The proposition mainly insisted upon by appellant is, that this charge is upon the weight of the evidence, in that it tells the jury that certain facts, if found, constitute negligence.   Calhoun v. Railway, 84 Texas, 230.

The issue presented by the appellees was, that the deceased was injured at a railroad crossing where the law required that appellant should stop its train, and which it negligently failed to do.   The defense was, that the air-brakes failed to work from appellant's engine.   The court had charged the jury that appellant was only held to ordinary care.   It was insisted by appellees, under the evidence, that there were other safe appliances provided for stopping the train, which were within reach of appellant's servants, and which could have been used in ample time for them to have stopped the train, by the exercise of ordinary care, after they discovered that the air-brakes would not work from the engine. This theory was supported by the evidence.

The failure to stop the train at the crossing was in violation of a positive statute.   Appellant's excuse for such failure, if established by the facts, might have been good, if there had been no other means of stopping the train than the air-brakes worked from the engine; but if by the exercise of reasonable care, after appellant's servants discovered that the air-brakes would not work from the engine, they could have stopped the train, it was as much their duty to have done so as it was to have applied the air-brakes in the first instance.   A failure to do either was negligence, and no excuse was furnished thereby for the violation of a plain legal duty.   Railway v. Hubbard, 37 S. W. Rep., 25; Railway v. Lankford, 88 Texas, 503.   The above assignment is not well taken.

5.   The seventh assignment is, that the court refused the fourth instruction requested by appellant, to the effect that the measure of plaintiff's recovery, if any, was the sum which would purchase an annuity equal to the value of the pecuniary aid which the plaintiff and those for whose use she sues would have derived from John W. Ransom, calculated from the facts and circumstances in evidence before the jury, and mentioned in the instruction.

We think the requested charge would have been calculated to restrict the jury too closely in their estimate of the damage, and that the charge as given by the court below was in accordance with the rules laid down by our Supreme Court.   Railway v. Kindred, 57 Texas, 491; Railway v. Lehenberg, 75 Texas, 67; Railway v. Smith, 65 Texas, 169; Railway v. Roberson, 82 Texas, 663.

6.   The remaining assignment attacks the verdict and judgment as

being excessive. Under the facts and circumstances of the case, which were left for the decision of the jury in a clear and impartial charge, they found their verdict for the appellees, which was based upon sufficient facts to sustain it, and we do not feel authorized under such facts to set it aside. It is clearly shown that the deceased was an industrious, frugal, economical and temperate man, and that he was getting a salary of $60 per month, which was devoted mainly to the support of his wife and children; that he stood well with his employer; was about 40 years years of age, and that his prospects in a business way were reasonably good. It is true, that it is shown that the deceased was afflicted with asthma; but there is a conflict in the evidence as to the extent to which such disease would have affected his life expectancy, if at all. Under all of the testimony, the verdict of the jury is sustained by the evidence, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.