## J. A. WILSON v. SOUTHERN TRACTION COMPANY.

No. 3051.   Decided November 9, 1921.

(234 S. W., 663.)

1.—Contributory Negligence—Discovered Peril.

Negligence of plaintiff, though continuing and contributing to cause his injury up to the time of its infliction, is no defense to his action where his stiuation of peril was discovered by defendant in time to avoid the injury and no effort made to avert it, this being equivalent to intentional injury. (Pp. 364-367).

2.—Same—Cases Discussed.

Gulf, C. & S. F. Ry. Co. v. Lankford, 88 Texas, 502; Texas & P. Ry. Co. v. Breadow, 90 Texas, 30; Pecos & N. T. Ry. Co. v. Rosenbloom, 107 Texas, 295; Morgan & Bros. v. Missouri, K. & T. Ry. Co., 108 Texas, 334; St. Louis S. W. Ry. Co. v. Jacobson, 28 Texas Civ. App., 150; Johnson v. Texas & G. Ry. Co., 100 S. W., 208; discussed and followed. (Pp. 365, 366).

3.—Practice in Supreme Court—Remand.

Where the appellate court did not pass on an error assigned except to hold that error was shown thereby, and findings of fact thereon were necessary, the Supreme Court. on reversal, will remand to the appellate court for such findings. (P. 367).

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Wilson sued the Southern Traction Co. and recovered. The judgment, on defendant's appeal was reversed by a divided court and appellee obtained writ of error.

*Pat M. Neff* and *Chas. L. Black*, for plaintiff in error.

Contributory negligence, without reference to its nature or when it occurs, has no place as a defense in an action where the liability asserted is based on the doctrine of discovered peril. When the liability asserted is predicated solely on the issue of discovered peril the contributory negligence of the injured party, whether occurring prior to or subsequent to or concurring with the negligence of the defendant after discovery of the injured party's peril by the defendant is not a defense. The doctrine of discovered peril, as applied in this state, is based on actual discovery of, and not on mere duty or opportunity to discover the injured party in a position of imminent peril. The doctrine finds its basis and support in consideration of public policy and humanity, and not in the law with reference to proximate cause. Therefore contributory negligence of the injured party affords no defense. Pecos & N. T. Ry. Co. v. Rosenbloom, 173 S. W., 215; Texas & P. Ry. Co. v. Breadow, 90 Texas, 30; Texas & P. Ry. Co. v. Staggs, 90 Texas, 461; St. Louis S. W. R. Co. v. Jacobson, 28 Texas Civ. App., 150; Gulf, C. & S. F. Ry. Co. v. Lankford, 88 Texas, 503; Missouri, K. & T. Ry. Co. v. Haltom, 95 Texas, 115; Railway Co. v. Smith, 52 Texas, 183; Railway Co. v. Overall, 82 Texas, 247; Railway Co. v. Weisen, 65 Texas, 446; Railway Co. v. Finn, 109 S. W., 918; Railway Co. v. Hodges, 118 S. W., 767; Railway Co. v. Hodges, 102 Texas, 524; Railway Co. v. Scarborough, 104 S. W., 411; Railway Co. v. Townsend, 82 S. W., 804; Taylor v. Electric Co., 85 S. W., 1019; Railway Co. v. Ramsey, 97 S. W., 1067; Railway Co. v. Murray, 99 S. W., 148; Railway Co. v. Ploeger, 96 S. W., 58; Railway Co. v. Bishop, 37 S. W., 64; Traction Co. v. Mullins, 99 S. W., 434; Railway Co. v. Finn, 107 S. W., 100; Railway Co. v. Patterson, 102

S. W., 140; Johnson v. Railway Co., 100 S. W., 208; Higginbotham v. Railway Co., 155 S. W., 1025; Railway Company v. Huegle, 158 S. W., 197; Irving v. Railway Co., 164 S. W., 910, 157 S. W., 752; Texas C. Ry. v. Dumas, 149 S. W., 543; Railway Co. v. Cambron, 131 S. W., 1132; Railway Co. v. Jaramilla, 180 S. W., 1126; Railway Co. v. Ferris, 55 S. W., 1120; Railway Co. v. Loftis, 179 S. W., 930.

*Sanford & Harris,* and *Templeton, Beall, Williams & Calloway,* for defendant in error.—This opinion involves a finding of fact by the majority of the Court of Civil Appeals to the effect that Wilson did actually discover his own peril before going upon the track and that after he did so he could have avoided the collision, but that he negligently failed to do so. Such finding being binding upon this court upon the question of fact, it only remains to determine whether, under such statement of facts, this announcement of the court expresses the law. It is sufficient, we submit, if the evidence is sufficient to raise the issue and support the finding. The trial judge was of the opinion, as shown by his charge, that all such facts were immaterial, and so instructed the jury. The following cases are cited in support of the majority opinion of the Court of Civil Appeals: Louisville & N. R. Co. v. Young, 153 Ala., 232; Butler v. Rockland St. Ry. Co., 99 Maine, 149; Railway Co. v. Schumaker, 152 U. S., 77; Fonda v. St. Paul City Ry. Co., 70 Am. St. Rep., 349; Green v. Los Angeles Terminal Ry. Co., 143 Calif., 31; Laughlin v. Railway Co., 144 Mo. App., 185; Matteson v. Southern Pac. Co., 92 Pac., 101; Coleman v. Railway Co., 87 Kans., 190; Hammers v. Colorado So. Ry. Co., 128 La., 648; Exum v. Railway Co., 154 N. C., 408; Drown v. Traction Co., 76 Ohio St., 234; Grigsby & Co. v. Bratton, 163 S. W., 804; Gilbert v. Erie R. Co., 97 Fed., 747; Atchison etc. Ry. Co. v. Baker, 79 Kans., 183; Cooley on Torts, 2d Ed., 812; Nellis on Street Service Railroads, 383, 384; Moore v. Lindell Railway Co., 75 S. W., 675; Dyerson v. Union Pacific, 87 Pac., 680; Kinlen v. Metropolitan St. Ry. Co., 115 S. W., 529; Note to Gahagan v. Boston & Me. R., 55 L. R. A., 442.

Mr. Justice GREENWOOD delivered the opinion of the court.

This was an action to recover damages for personal injuries, brought by plaintiff in error, against defendant in error. Plaintiff in error was injured by one of defendant in error's street cars striking a laundry wagon, driven by plaintiff in error.

There was pleading and proof to support the defense that the plaintiff failed to exercise ordinary care for his own safety in going or remaining on the street car track, and that such want of ordinary care continued to the time of the collision and was a proximate cause of plaintiff's injury.

A judgment for plaintiff in error was reversed by the Austin Court of Civil Appeals on the ground that reversible error was pointed

out ·in the trial court's charge by the objection thereto of defendant in error that it ignored "the concurrent negligence of the plaintiff in connection with the acts and negligence, if any, on the part of the defendant company or its agents, servants and employees in charge of the car," since, "if the concurrent acts of negligence operated with the concurrent act of the defendant, then the doctrine of discovered peril would not apply, and the plaintiff would not be entitled to recover." Chief Justice Key filed a dissenting opinion holding that in case of discovered peril, the law was settled that negligence on the part of an injured party, though continuing up to the very time of injury and though constituting a proximate cause thereof, was not available as a defense. 187 S. W., 536 to 547.

The principal question for our decision is whether plaintiff in error was entitled to recover for an injury inflicted on him, as a proximate result of defendant in error's failure to exercise ordinary care in the use of the means at hand, consistent with the car's safety, to avoid his injury, after realizing the peril of plaintiff in error, notwithstanding the negligence of plaintiff in error continued in active operation, as a concurring proximate cause of the injury, until the moment of its occurrence. The settled rule of decision in Texas admits of no answer to the question save in the affirmative,

We are not concerned here with the principle which would apply to relieve defendant in error of liability if plaintiff in error's conduct had been such that the injury could not have been avoided by the exercise of 'ordinary care on the part of the operative of the car. In that event, plaintiff in error's own negligent conduct would have been the sole, proximate cause of the injury. The objection to the charge assumed that the negligence of defendant in error, in failing to avert the injury, after its motorman realized the peril of plaintiff in error, became and was a proximate cause of the injury, concurrent with the negligence of plaintiff in error.

The oft-repeated decisions of this court that contributory negligence was no defense to causes of action arising under the law of discovered peril necessarily involved that a negligent act or omission on the part of an injured plaintiff would not defeat his recovery under the law of discovered peril, notwthstanding the proximate cause of his injury was the negligent act or omission of the plaintiff, in concurrence with the negligence of the defendant. For, in order for an act or omission of a plaintiff to constitute contributory negligence, in any personal injury case, it must not only amount to a want of ordinary care, but, it must, in concurrence with a negligent act or omission of defendant, become the proximate cause of the plaintiff's injury. Martin, Wise & Fitzhugh v. Texas & P. Ry. Co., 87 Texas, 121, 26 S. W., 1052; International & G. N. Ry. Co. v. Ormond, 64 Texas 489; Gulf, C. & S. F. Ry. Co. v. Danshank, 6 Texas Civ. App., 385, 25 S. W., 297.

The pronouncements of this court, denying the defense of contributory negligence, in discovered peril cases, have been progressively more and more emphatic.

In Gulf C. & S. F. Ry. Co. v. Lankford, 88 Texas, 502 to 505, 31 S. W., 355, the negligence of Lankford was necessarily active. continuous and operative to the moment of his wife's injury. It was conceded at the outset of the opinion that Lankford was guilty of negligence, consisting in his driving a team along a road beside a railroad track, until a car collided therewith injuring his wife, when a few yards further from the track there was another road which Lankford could just as conveniently have taken. Nevertheless, the court held that Lankford's continuous negligence would not defeat his recovery of the damages sustained by his wife, if defendant's agents were guilty of negligence, in failing to avert the collision, after Lankford, accompanied by his wife, had gotten in a position of peril and defendant's agents had knowledge of the peril.

The rule excluding the defense of contributory negligence in discovered peril cases and the reason for the rule are carefully stated in Texas & P. Ry. Co. v. Breadow, 90 Texas, 30, 36 S. W., 410, as follows:

"If defendant, through the parties in charge of the engine, knew of Breadow's peril in time to have avoided same, such knowledge imposed upon it the new duty of using every means then within its power, consistent with the safety of the engine, to avoid running him down, and a failure so to do would render it liable notwithstanding he may have been guilty of contributory negligence in being exposed to the peril. This new duty and liability for its breach is imposed, upon principles of humanity and public policy, to prevent what would otherwise be, as far as civil liability is concerned, the licensed destruction of persons negligently exposing themselves to peril. The same principle of law which, on grounds of public policy, will not permit a person to recover when his own negligence has proximately contributed to the injury will not permit the party who has inflicted the injury in violation of such new duty to defend on the ground of such negligence."

In the above language, we have the express declaration that a party would not be permitted, in a case of discovered peril, to base a defense on the plaintiff's concurrent negligence, though it was operative at the time of the injury as a proximate cause thereof.

The court expressed its adherence to the rule announced in Breadow's case in the opinion of Chief Justice Brown in Pecos & N. Ry. Co. v. Rosenbloom, 107 Texas, 295, 173 S. W., 215, 177 S. W., 952, when it was said: "It matters not that a man may be negligent, in fact that he may be wholly disregardful of his own safety, yet it is true that the law will not permit operators on a train to run upon a negligent party and destroy his life because he is negligent.

The negligence of the party killed is no defense to an action based on discovered peril.''

In Morgan & Bros. v. Missouri, K. & T. Ry. Co., 108 Texas, 334, 193 S. W., 134, the court said of the doctrine of discovered peril, as enforced in Texas: ''With us, the doctrine defeats contributory negligence on the part of the plaintiff only when the danger arising therefrom is iminent, is actually discovered by the defendant, and may be averted by the means at the latter's command. . . . Contributory negligence is never a defense to an intentional wrong. When one knows that his act will inflict an injury because of a discovered and immediate danger produced by another's negligence, which it is fully within his power to avert, his infliction of the injury, without effort to prevent it, has either all the character of an intentional wrong, or else is one of such recklessness as to amount to the same thing.''

In St. L. & S. W. Ry. Co. v. Jacobson, 28 Texas Civ. App., 150, 66 S. W., 1114, wherein a writ of error was denied, the Galveston Court of Civil Appeals stated: ''The duty to resort to every means at hand, consistent with the safety of the train, to avoid the injury, is absolute, and the failure to do so partakes of the nature of a wanton wrong, against which no act on the part of the person injured will be a defense. The rule has been adopted without qualification in this state. The courts have not sought to justify it on the questionable and technical ground that the defendant's failure to resort to every means at hand to prevent the disaster is a new and intervening cause. It is based rather on the broad ground of public policy, which forbids the interposition of such a defense by a wrongdoer who knowingly fails to prevent the destruction of a human life when he can.''

The same view was expressed by the Galveston Court of Civil Appeals in Johnson v. T. & G. Ry. Co., 45 Texas Civ. App., 146, 100 S. W., 208, where the duty resting on the operator of an engine, under the discovered peril doctrine, was thus stated: ''This duty only arises upon actual knowledge of such peril, and not upon such knowledge as might have been had if a proper lookout had been kept, and in such case of actual knowledge contributory negligence is no defense. The doctrine of 'discovered peril' is rather for the protection of persons who are themselves guilty of negligence contributing to their injury, but who cannot for that reason be barred of recovery, if such injury can be avoided after their peril is actually discovered.''

The cases cited were not decided on the conception that the negligent act or omission of the injured party was displaced by subsequent negligence on the part of the defendant, as the proximate cause of the injury. On the contrary, giving full effect to the negligent act of omission of the plaintiff, as a proximate cause of the

injury, sufficient to defeat an ordinary negligence action, such act or omission was rightly considered as furnishing no more valid a ground of defense in a discovered peril action than it would be in an action where the injury was the proximate result of the defendant's wilful or wanton act. For, we do not see how conduct can be characterized otherwise than as exhibiting reckless indifference to destroying human life or causing human suffering, where it consists in failure to use ordinary care to avoid the infliction of death or serious bodily injury on another in a position of imminent peril, after it is realized that the imperiled person can not or will not save himself. Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Texas, 199, 59 S. W., 533. And, the civil consequences of such conduct should be the same as for a wilful or wanton act. 2 Cooley on Torts (3rd Ed.), p. 1442.

The trial court followed the settled law in overruling the objections to the charge, as held in the dissenting opinion in the Court of Civil Appeals.

We have carefully considered the assignments of error, which were overruled by the Court of Civil Appeals, and find no error in that action.

The Court of Civil Appeals did not pass on the assignment of error seeking a reversal of the trial court's judgment for misconduct of the jury, further than to hold that improper conduct was shown. It is probably necessary to make fact findings in disposing of the assignment, and we have concluded that defendant in error is entitled to have same determined by the Court of Civil Appeals.

It is therefore ordered that the judgment heretofore rendered by the Court of Civil Appeals be reversed, and that this cause be remanded to that court for the determination of defendant in error's twenty-first assignment of error and the propositions thereunder.

Chief Justice Phillips not sitting.

*Reversed and remanded to the Court of Civil Appeals.*