The judgment rendered herein, the affirmance of the judgment of the Court of Civil Appeals, has my approval, but the reasons given for the judgment in the majority opinion do not. The opinion holds that the doctrine of discovered peril has no application to the case because "the injured person was not in danger from, and not touched by, the vehicle or instrumentality controlled by the defendant sought to be charged under that doctrine." It is apparent from the opinion as a whole and its emphasis of the fact that the westbound bus did not strike Mrs. Elder, the petitioner, that the words "was not in danger from" are intended to mean that Mrs. Elder was not in danger of being struck by that bus. The decision as reflected by the opinion is made solely upon the conclusion that the doctrine of discovered peril will not be applied to the case because the westbound bus was not about to strike and did not strike Mrs. Elder, and that on that account the driver of the bus owed no duty to try to save Mrs. Elder after he discovered that she was in a position of peril.
The theory of petitioner's case, in that part of her petition in which allegations of discovered peril are made, is that immediately before she was struck by the eastbound bus she was, although she herself was negligent, in a position of peril, and that the westbound bus, as it approached her and without any primary negligence on the part of its driver, was one of the factors of her perilous position, that is, it was a part of the circumstances existing at that particular time that made her position one of peril. She contends that, although she did not know that the eastbound bus was approaching her as she stood in the middle lane and near the line between that lane and the north lane, she was in fact "boxed in" or "bottled up" by that bus *Page 645 
and the westbound bus as it approached in the north lane, and that she could and would have escaped from that position of peril by going upon the north lane or crossing it if the driver of the westbound bus had stopped the bus or reduced its speed or turned it off the pavement and onto the shoulder of the highway.
The paved highway, having three traffic lanes each ten feet eight inches in width separated by marked lines, runs east and west. Mrs. Elder intended to cross the highway from the south to go to a bus stop on the north side of the highway. She had crossed the south line and stopped in the middle lane about two feet from the line between the middle and north lanes. She stopped there to wait for the westbound bus, which she saw approaching in the north lane, to pass. She did not see the eastbound bus. A short time before the eastbound bus struck her it had turned into the middle lane to pass an automobile which was going east in front of it in the south lane. The driver of the westbound bus saw Mrs. Elder standing in the middle lane and near the south line of the north lane when his bus was about seventy-five feet east of her, and he saw the eastbound bus in the middle lane approaching her. He testified that he realized that "she was in a bad spot out there" and that he slowed his bus down so that he was sure he had it under control and could stop it if necessary, and that he pulled his bus over to the north side of the pavement and kept it a safe distance from her.
It clearly appears from the testimony of Ellerd, the driver of the westbound bus, that he saw Mrs. Elder's position of peril, realized that she was in peril, and took precautions to save her. The Court of Civil Appeals in its opinion, written by Justice Boyce, correctly said:
"When Ellerd saw that the appellant (Mrs. Elder) was in danger, he had the duty of getting his bus under control and of operating it in a manner which would permit the appellant, should she become aware of her peril, to step out of the way of the approaching eastbound bus without danger of being struck by Ellerd's bus."
The majority opinion of this Court seems to hold that, although Mrs. Elder was in peril by reason of her position in the highway and the two busses approaching, and although the driver of the westbound bus discovered and realized her peril, he was under no obligation to do anything whatever to help save her to avert her injury. This is to say that the driver would have *Page 646 
been justified in continuing to proceed as he was proceeding and without trying to stop or turn aside, although the result of his doing so, as he knew or should have known, would be to prevent her from entering upon the north lane and thus escaping from the bus that was bearing down upon her from the west. This conclusion is reached solely because Mrs. Elder was about to be struck by the other bus and not by Ellerd's bus.
The new duty, when the position of one in peril is discovered and realized, to use ordinary care to prevent or avoid the injury of that person, arises and is imposed upon principles of humanity. Texas Pacific Ry. Co. v. Breadow, 90 Tex. 26, 31,36 S.W. 410. In discussing the doctrine this Court has said:
"For, we do not see how conduct can be characterized otherwise than as exhibiting reckless indifference to destroying human life or causing human suffering, where it consists in failure to use ordinary care to avoid the infliction of death or serious bodily injury on another in a position of imminent peril, after it is realied that the imperiled person can not or will not save himself. Ft. Worth D.C. Ry. Co. v. Shetter, 94 Tex. 199,59 S.W. 533. And the civil consequences of such conduct should be the same as for a wilful or wanton act. 2 Cooley on Torts (3rd ed.), p. 1442." Wilson v. Southern Traction Company, 111 Tex. 361, 367, 234 S.W. 663.
The reasons for the doctrine and the principles upon which it is based are as appropriate to this case as they are to the case in which one is in danger of being struck by the vehicle controlled by the defendant sought to be charged. Petitioner was in a position of peril. The driver of the westbound bus discovered and realized her peril. And if in the time that he had and in the use of ordinary care he could have saved her from injury or prevented or averted her injury, by stopping or turning aside, and his failure to do that was a proximate cause of her injury, his conduct cannot "be characterized otherwise than as exhibiting reckless indifference to destroying human life or causing human suffering" and he and his employer should suffer the civil consequences of his conduct.
The case is not one of requiring a person, who is in no way connected with a situation or circumstances which make the position of another one of peril, to go to the aid of the imperiled person. Here, as has been said, the driver of the westbound bus, through no fault up to that time on his part, found that the bus he was driving and as he was driving it had become a part of a situation or of circumstances that made Mrs. Elder's position *Page 647 
perilous. Why should the doctrine not be applied? Why should not a new duty arise and be imposed upon the driver of the westbound bus to use ordinary care so to handle his own bus as to give Mrs. Elder the opportunity to escape from the position of peril? Should the driver be permitted to shut his eyes and do nothing merely because it was not his bus that was about to strike her?
The majority opinion cites and quotes from McLaughlin v. Los Angeles Ry. Corp., 180 Cal. 527, 182 P. 44. The opinion in that case contains an expression, substantially the same as that in the majority opinion herein, that it would be without precedent to apply the doctrine of discovered peril where "the injured person was never in danger from, and not touched by, the instrumentality over which the individual charged with negligence had control." For the reasons that have been stated, it is my opinion that this expression should not be adopted as announcing a correct rule of law. It may be added that it was not essential to the decision of that case, since the court held that the facts in evidence did not warrant a finding that the motorman was negligent after he discovered the peril of the woman who was struck and killed by the other car.
The Court of Civil Appeals, in affirming the judgment of the trial court, held, after discussing the evidence as to what Ellerd did following his discovery of Mrs. Elder's peril, that "the conduct of Ellerd did not raise the issue of liability under the doctrine of discovered peril." It concluded that the evidence did not tend to prove that he failed, in the short time that he had, to use ordinary care to avoid her injury. A careful examination of the evidence convinces me that this conclusion is correct. The Court of Civil Appeals has discussed the evidence and there is no need of repeating it. The same evidence bears upon the question of proximate cause. It is my belief that it cannot reasonably be inferred from the facts in evidence that Ellerd's failure to do more than he did in the effort to save Mrs. Elder was a proximate cause of her injury.
Associate Justice Taylor concurring.
Opinion delivered March 13, 1946. *Page 648 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 649 
 AMENDMENTS TO TEXAS RULES OF PRACTICE AND PROCEDURE IN CIVIL CASES PROMULGATED BY THE SUPREME COURT OF TEXAS OCTOBER 10, 1945 EFFECTIVE FEBRUARY 1, 1946
For original rules and former amendments thereto see 136 Tex. 447; 137 Tex. 673; 141 Tex. 647.
IT IS ORDERED By the Supreme Court of Texas, this the 10th day of October, 1945, that the following amendments and repeals, where so shown, are made to the following designated rules, of the rules of practice and procedure in civil actions in the various courts of this State, originally adopted and promulgated by this Court on the 29th day of October, 1940, amended March 31, 1941, again amended September 20, 1941, and again amended June 16, 1943, and filed with the Secretary of State;
IT IS FURTHER ORDERED That the notes at the foot of these rules are not made as parts of the respective rules, but are made for the convenience of the Bench and Bar, in furtherance of the work in that respect of the committee appointed by this Court on the 10th day of January, 1940; the original undated notes being those carried in such original draft as adopted October 29, 1940, and the notes accompanied by a showing of date being amended or supplied on the dates or effective dates so indicated;
IT IS FURTHER ORDERED That Rules 487, 494, and 518 to 522, inclusive, be repealed and that the notes thereunder be withdrawn, and that the caveats under Rules 381 and 386 be withdrawn;
IT IS FURTHER ORDERED That this order, such amended rules, such showings of repeal and withdrawal, and for convenience such appended notes, shall be filed with the Clerk of this Court, for and in behalf and as the act of this Court, by means of duplicate original copies of this order, with the Secretary of State, and that publication of this order, including such amended rules and such appended notes and such showings of repeal and withdrawal, shall by the Clerk of this Court, for and in behalf and as the act of this Court, be made in the TEXAS BAR JOURNAL immediately;
IT IS FURTHER ORDERED That the rules now amended, the appended notes, and such repeals and withdrawals shall be and read as follows: *Page 650 
 SUMMARY OF CHANGES
NEW RULES: 14a, 306b, 306c.
RULES REPEALED: 487, 494, 518, 519, 520, 521, 522.
RULES AMENDED: 99, 109, 184a, 194, 306a, 354, 355, 356, 364, 381, 386, 417, 458, 468, 470, 480, 483, 492, 496, 507, 517.
DATE PROMULGATED: October 10, 1945.
DATE EFFECTIVE: February 1, 1946.
Rule 14a. AMENDMENT AND CORRECTION PRACTICE IN ALL COURTS. — The provisions of Rules 430 and 437 shall apply to appellate procedure in all other courts of this State.
This is a new rule, effective February 1, 1946.
Rule 99. ISSUANCE. — When a petition is filed with the clerk, he shall promptly issue such citations, for the defendant or defendants, as shall be requested by any party or his attorney.
Original Note:
Source: Art. 2021.
Change: The rule authorizes the clerk to issue as many citations for the defendant or defendants as the plaintiff may request, without the delay of securing a return on any prior citation.
Change by amendment effective February 1, 1946:
The word "the" preceding "party" has been changed to "any."
Rule 109. CITATION BY PUBLICATION. — Where a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant (and to such party where the affidavit is made by his agent or attorney) or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so, the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of defendant or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service. Provided, however, that where the affidavit shows that the defendant is not within the continental United States, and is not in the Armed Forces of the United States, it shall not be necessary for the party to show that the residence or whereabouts *Page 651 
of the defendant is unknown or that an attempt has been made to procure service of nonresident notice.
Original note:
Source: Art. 2039, first sentence, with minor textual change.
Change: The balance of the article is incorporated in the general provision for requisites of citation by publication.
Change by amendment effective February 1, 1946:
The rule has been redrafted. Service of non-resident notice is required where possible; with an exception.
Rule 184a. JUDICIAL NOTICE OF LAW OF OTHER STATES, ETC. — The judge upon the motion of either party shall take judicial notice of the common law, public statutes, and court decisions of every other state, territory, or jurisdiction of the United States. Any party requesting that judicial notice be taken of such matter shall furnish the judge sufficient information to enable him properly to comply with the request, and shall give each adverse party such notice, if any, as the judge may deem necessary, to enable the adverse party fairly to prepare to meet the request. The rulings of the judge on such matters shall be subject to review.
Original note:
Source: American Law Institute, Code of Evidence, Rules 801 to 806, inclusive
This is a new rule effective December 31, 1943:
Change by amendment effective February 1, 1946:
The parts giving trial judge and reviewing court power on their own motion have been eliminated, and this includes the proviso and what followed the words "subject to review."
Rule 194. REQUISITES OF COMMISSION. — The style of the commission shall be: "The State of Texas." It shall be dated and attested as other process; and be addressed to the several officers set forth in Article 3746 of the Revised Civil Statutes of Texas, 1925, as amended, wheresoever the witness may be found either of whom may execute and return the same within their respective jurisdictions. It shall authorize and require them, or either of them, to summon the witness before him forthwith, and to take his answers under oath to the direct and cross interrogatories, if any, a copy of which shall be attached to such commission, and to return without delay the commission and interrogatories and the answers of the witness thereto to the clerk or justice of the proper court, giving his official title and post-office address.
Original note:
Source: Art. 3745, unchanged.
Change by amendment effective February 1, 1946:
The last part of the second sentence commencing "as amended" and ending "jurisdictions," has been added.
Rule 306a. DATE OF JUDGMENT, ETC. — Judges are *Page 652 
directed to cause, and attorneys and clerks are directed to use their efforts to cause all judgments, decisions, and orders of any kind to be reduced to writing and signed by the trial judge and the date of signing stated therein; but absence of any such showing shall not invalidate any judgment or order.
In determining the period within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein. This rule shall apply in determining the time within which to file a motion for new trial, notice of appeal, appeal bond or affidavit in lieu thereof, bills of exceptions, statements of facts in trial and appellate court, transcript in appellate court, petition for writ of error if appeal is by writ of error, or other procedure in connection with appeal; but this rule shall not be construed as determining what constitutes rendition of a judgment or order in any other situation or for any other purpose. In event the date of signing of a judgment or order is not shown therein as required above, then the date of rendition shall be otherwise shown of record.
Original note:
This is a new rule, effective December 31, 1943.
Change by amendment effective February 1, 1946:
The rule has been reworded so as better to define date of rendition and insure its appearance of record.
Rule 306b. TIME TO APPEAL FROM NUNC PRO TUNC ORDERS. — When a judgment or order is entered nunc pro tunc, the right of appeal shall date from the date of rendition of the nunc pro tunc judgment or order, which shall be deemed to be the date upon which the trial judge signed the nunc pro tunc judgment or order if the date is shown therein; and the periods within which the various steps in such an appeal are to be taken shall be computed from that date.
This is a new rule, effective February 1, 1946.
Rule 306c. PREMATURELY FILED MOTIONS FOR NEW TRIAL, APPEAL BONDS, ETC. — No motion for new trial or appeal bond or affidavit in lieu thereof shall be held ineffective because prematurely filed, but every such motion shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment the motion assails; and every such appeal bond or affidavit shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment appealed from or from the date of the overruling of motion for new trial, if such a motion is filed.
This is a new rule, effective February 1, 1946. *Page 653 
Rule 354. COST BOND. — The appellant shall execute a bond to be approved by the clerk, payable to the appellee in a sum at least double the probable amount of the costs of the court below, the Court of Civil Appeals, and the Supreme Court, to be fixed by the clerk, less such sums as may have been paid to such clerk by appellant on such costs, conditioned that such appellant shall prosecute his appeal or writ of error with effect, and shall pay all the costs which have accrued in the court below, and which may accrue in the Court of Civil Appeals and the Supreme Court. Each surety on the bond shall give his post-office address.
Original note:
Source: Art. 2265, with minor textual change.
Change by amendment effective February 1, 1946:
The last sentence has been added.
Rule 355. PARTY UNABLE TO GIVE COST BOND. —
(a) When the appellant is unable to pay the costs of appeal or give security therefor, he shall be entitled to prosecute an appeal by filing with the clerk his affidavit stating that he is unable to pay the costs of appeal or any part thereof, or to give security therefor.
(b) The clerk shall forthwith give notice of filing of such affidavit to the opposing party or his attorney.
(c) Any interested officer of the court or party to the suit, may, by sworn pleading, contest the affidavit within ten days after the giving of such notice whereupon the court trying the case (if in session) or (if not in session) the judge of the court or county judge of the county in which the case is pending shall set the contest for hearing, and the clerk shall give the respective parties notice of such setting.
(d) Upon such hearing the burden of proof shall rest upon the appellant to sustain the allegations of his affidavit.
(e) Where no contest is filed in the allotted time the allegations of the affidavit shall be taken as true.
(f) Where the appellant is able to pay or give security for a part of the costs of appeal he shall be required to make such payment or give such security (one or both) to the extent of his ability.
Original note:
Source: Art. 2266.
Change: Subdivision (b) is new. Burden of proof is placed upon appellant. Provision for requiring payment or securing of part of costs where appellant can not play or secure all of such costs is new.
Change by amendment effective February 1, 1946:
In subdivision (c) the words "by sworn pleading" have been added after the word "may." *Page 654 
Rule 356. TIME FOR FILING COST BOND. — (a) Whenever a bond for costs on appeal is required, the bond shall be filed with the clerk within thirty days after the date of rendition of judgment or order overruling motion for new trial.
(b) The affidavit in lieu of bond shall be filed not more than twenty days after the date of rendition of such judgment or order.
Original note:
Source: Arts. 2253, 2258.
Change: The time for filing cost bond on appeal is made uniform in all cases and in all courts.
Change by amendment of March 31, 1941: The following wording of Subdivision (a) of the original rule has been eliminated: "but the trial, judge may, for good cause shown, extend such time for not exceeding thirty days additional."
Change by amendment effective February 1, 1946:
The words, "rendition of," have been added immediately after the words, "date of," in subdivision (a), and the words, "the date of rendition of," immediately after the words, "twenty days after," in subdivision (b).
Rule 364. SUPERSEDEAS BOND. —
(a) An appellant desiring to suspend the execution of the judgment may do so by giving a good and sufficient bond to be approved by the clerk, payable to appellee in a sum at least the amount of the judgment, interest and costs, conditioned that such appellant shall prosecute his appeal or writ of error with effect; and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him.
(b) Where the judgment is for the recovery of land or other property, the bond shall be further conditioned that the appellant shall, in case the judgment is affirmed, pay to the appellee the value of the rent or hire of such property in any suit which may be brought therefor.
(c) Where the judgment is for the recovery of or foreclosure upon real estate, the appellant may supercede the judgment in so far as it decrees the recovery of or foreclosure against said specific real estate by giving a supersedeas bond in an amount to be fixed by the court below, not less than the rents and hire of said real estate; but if the amount of said supersedeas bond is less than the amount of the money judgment, with interest and costs, then the appellee shall be allowed to have his execution against any other property of appellant.
(d) Where the judgment is for the recovery of or foreclosure upon specific personal property the appellant may supersede the judgment in so far as it decrees the recovery of or foreclosure against said specific personal property by giving a supersedeas bond in an amount to be fixed by the court below, not less than *Page 655 
the value of said property on the date of rendition of judgment, but if the amount of said supersedeas bond is less than the amount of the money judgment with interest and costs, then the appellee shall be allowed to have his execution against any other property of appellant.
(e) Where the judgment is for other than money or property or foreclosure, the bond shall be in such amount to be fixed by the court below as will secure the plaintiff in judgment in any loss or damage occasioned by the delay on appeal.
(f) Where the judgment is one involving the care or custody of a child, the appeal, with or without a supersedeas bond, shall not have the effect of suspending the judgment as to the care or custody of the child, unless it shall be so ordered by the court entering the judgment. However, the appellate court, upon a proper showing, may permit the judgment to be superseded.
Original note:
Source: Arts. 2270 and 2271. Subdivisions (c), (d), and (e) are new.
Change: Elimination of "double" in Art. 2270 and addition of the last three sub-paragraphs.
Change by amendment effective February 1, 1946:
Subdivision (f) has been added.
Rule 381. TIME FOR FILING STATEMENT OF FACTS IN TRIAL COURT. —
(a) When an appeal is taken from a judgment rendered in a civil cause tried in either the district court, county court, or county court at law, the party appealing shall have fifty days after the rendition of final judgment or order overruling motion for new trial, if such motion, is filed, or perfection of writ of error, within which to prepare and file his statement of facts and bills of exception in the trial court.
(b) Upon application of the party appealing, the judge of the court may, in term time or vacation, for good cause shown, extend the time for filing such statement of facts and bills of exception, but the time shall not be extended in any case so as to delay the filing thereof beyond the time for filing the transcript, bills of exceptions, and statement of facts in the Court of Civil Appeals, as prescribed by these rules or as extended by said court.
Original note:
Source: Art. 2246, as amended, with minor textual change.
Change by amendment effective February 1, 1946:
The words "the rendition of" have been interpolated after the words "fifty days after" in subdivision (a), and the caveat has been dropped from the note.
Rule 386. TIME TO FILE TRANSCRIPT AND STATEMENT OF FACTS. — In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk *Page 656 
of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty days period, showing good cause to have existed within such sixty day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe:
Original note:
Source: Art. 1839 as amended in 1939.
Change: Substitution of "perfection of writ of error" for "service of writ of error."
Change by amendment effective February 1, 1946:
The words "rendition of the" have been added immediately after the words "sixty days from the," and the caveat has been dropped from the note.
Rule 417. BRIEFS WRITTEN OR TYPEWRITTEN. — The brief of either party may be written, typewritten, or printed. If written, it shall not exceed fifteen pages of manuscript. If typewritten, it must be with double space between the lines, and at least one copy shall be an original written on heavy white paper in clear type.
Original note:
Source: Texas Rule 34 (for Courts of Civil Appeals.)
Change: Addition of express requirement that one typewritten brief be an original upon heavy white paper.
Change by amendment effective February 1, 1946:
The words "written or typewritten" have been replaced by the words, "written, typewritten, or printed."
Rule 458. MOTION AND SECOND MOTION FOR REHEARING. — Any party desiring a rehearing of any matter determined by any Court of Civil Appeals may, within fifteen days after the date of rendition of the judgment or decision of the court, or the filing of the findings of fact and conclusions of law, whether such date be in the same or a succeeding term of said court, file with the clerk of said court his motion in writing for a rehearing thereof, in which the assignments of error relied upon for the rehearing shall be distinctly specified, and the name and residence of the counsel of the opposing party, if known, and if not known, then the name and residence of the opposing party as shown in the record. The party filing such motion shall deliver or mail to each opposing party, or his attorney of record, a true copy of such motion, and shall note on the motion so filed with the clerk that such copies have been so furnished. Upon his failure to do so he shall accompany his motion with, or furnish to the clerk on his request, a sufficient number of *Page 657 
duplicates or copies thereof for the clerk to use in complying with the provisions of Rule 460. Failure to supply such copies on request of the clerk may result in a dismissal of the motion.
If the Court of Civil Appeals hands down an opinion in connection with the overruling of a motion for rehearing, a further motion for rehearing may, if the losing party deems same necessary, be filed within fifteen days after such opinion is handed down and the above regulations and those of Rules 460 and 468 shall apply to it as though it were the first motion; but a further motion for rehearing shall not be made as a matter of right in any other case.
Original note:
Source: Art. 1877.
Change: The last sentence of the statute has been eliminated. "Date of rendition of the judgment" has been substituted for "date of entry of the judgment." "Assignments of error" has been substituted for "ground." "Whether such date be in the same or a succeeding term of said court" has been added.
Change by amendment effective December 31, 1941: The fourth, third and second from the last three sentences above have been added.
Change by amendment effective December 31, 1943: The last sentence above has been added and the caption has been revised to fit.
Change by amendment effective February 1, 1946:
The word "second" in the last paragraph has been replaced in two instances by the word "further."
Rule 468. FILING OF APPLICATION FOR WRIT OF ERROR. — The application shall be filed with the clerk of the Court of Civil Appeals within thirty days after the overruling of the motion for rehearing, or within thirty days after the overruling of a final motion for rehearing is filed under Rule 458, provided that when the thirtieth day falls on Sunday or a legal holiday the petition may be filed on the next day following which is neither a Sunday nor a legal holiday.
Original note:
Source: Art. 1742.
Change: Addition of the proviso.
Change by amendment effective December 31, 1943: The wording above commencing, "or within thirty days after the overruling of the second" and ending, "under Rule 458," has been interpolated.
Change by amendment effective February 1, 1946:
The word "second" has been replaced by the word "final."
Rule 470. NUMBER OF COPIES, ETC. — The application for writ of error may be typewritten or printed. If it is typewritten it must be with double space between the lines and on heavy white paper in clear type. Nine legible copies of the application shall be delivered to the Clerk of the Court of Civil Appeals and by him forwarded to the Supreme Court, but only *Page 658 
one copy thereof shall be actually filed in the Court of Civil Appeals and in the Supreme Court.
Original note:
Source: New rule.
Change by amendment effective February 1, 1946:
The rule and its caption have been rewritten.
Rule 480. DOCKETING APPLICATION. — The clerk of the Supreme Court shall receive all applications for writ of error, shall file the petition and accompanying record from the Court of Civil Appeals and enter the same upon the application docket, but he shall not be required to receive same from the post office or express office unless the postage or express charges shall have been paid.
Original note:
Source: Rule 2 (for the Supreme Court) with minor textual change.
Change by amendment effective February 1, 1946:
The last sentence of the former rule has been eliminated.
Rule 483. ORDER ON APPLICATION FOR WRIT OF ERROR. — In all cases where the judgment of the Court of Civil Appeals is a correct one and where the principles of law declared in the opinion of the court are correctly determined, the Supreme Court will refuse the application with the docket notation "Refused." In all cases where the Supreme Court is not satisfied that the opinion of the Court of Civil Appeals in all respects has correctly declared the law, but is of the opinion that the application presents no error which requires reversal, the Court will deny the application, with the notation "Refused. No Reversible Error." In all cases where the Supreme Court is without jurisdiction of the case as presented in the application it will dismiss the application with the docket notation, "Dismissed for want of jurisdiction."
Provided, that in cases of conflict named in Subdivision 2 of Art. 1728, of the Revised Civil Statutes of Texas, 1925, the Supreme Court may, in its discretion, refuse the writ of error where the court is in agreement with the decision of the Court of Civil Appeals in the case in which the application is filed; and in cases of such conflict with a previous opinion of the Supreme Court, the Supreme Court may, in its discretion, without the necessity of granting the writ and hearing the case, reversed and remanded the same on the application for writ of error.
Original note:
Source: Art. 1728, last two sub-paragraphs.
Change: Substitution of notation, "Refused for want of merit" for the notation under the present practice, "Dismissed for want of jurisdiction, correct judgment."
Change by amendment effective February 1, 1946:
The second sentence has been reworded. *Page 659 
Rule 487. DOCKET, OF CAUSES. — Repealed by order effective February 1, 1946.
Rule 492. PRINTING, ETC., AND COPIES. — Where it can be reasonably done in view of the amount involved or the importance of the litigation the court requests that all applications, motions, answers, briefs, and arguments, and all documents originally filed in the Supreme Court which exceeded in length fifteen pages, be printed. However, it is permissible to file typewritten copies of the above instruments, provided they are double spaced on heavy white paper in clear type. Nine legible copies of each of such instruments shall be delivered to the Clerk of the Supreme Court for the use of the Justices, but only one copy thereof shall be filed by the Clerk. A copy of such instrument shall be delivered to the adverse party by the party filing it.
Original note:
Source: Texas Rule 9 (for Supreme Court) unchanged.
Change by amendment effective February 1, 1946:
The rule and its caption have been rewritten.
Rule 494. MOTION DOCKET. — Repealed by order effective February 1, 1946.
Rule 496. BRIEF. — A party who elects to file in this court a brief in addition to the brief filed in the Court of Civil Appeals, shall comply as nearly as may be with the rules prescribed for briefing causes in the latter court and shall confine his briefs to the points raised in the motion for a rehearing and presented in the application for a writ of error. The clerk may receive amicus curiae briefs or arguments, provided it is shown that copies have been furnished to all attorneys of record in the case.
Original note:
Source: Texas Rule 14 (for Supreme Court), unchanged.
Change by amendment effective February 1, 1946:
The last sentence has been added.
Rule 507. MANDATE TO ISSUE. — On the rendition of a final judgment or decree in the Supreme Court, the clerk of said court shall not issue and deliver the mandate of the court, nor certify the proceedings of the lower court, until all costs accruing in the case in the Supreme Court and the Court of Civil Appeals have been paid, subject to the provisions of the succeeding rule. In cases where the Supreme Court declines to grant an application for writ of error, the costs of the Supreme Court shall be paid in the Court of Civil Appeals and the mandate issued from that court.
Original note: *Page 660 
Source: Art. 1773.
Change: See Rule 443.
Change by amendment effective December 31, 1941: The proviso has been eliminated.
Change by amendment effective February 1, 1946:
The last sentence has been added.
Rule 517. HEARING ON MOTION. — The opposing party shall have five days after notice, as provided for in Rule 516, in which to file an answer to the motion. Upon the filing of an answer or the expiration of the five-day period, the motion shall be deemed submitted to the court and ready for disposition. However, if the court deems it advisable it may limit the time in which a motion for rehearing or an answer thereto may be filed, and may act upon any motion at any time after it is filed.
Original note:
Source: Art. 1765.
Change: Dating the period of time from mailing of notice.
Change by amendment effective December 31, 1941: Redrafted; the period of time running from "the date of such notice."
Change by amendment effective February 1, 1946:
The rule has been rewritten.
Rule 518. SUPREME COURT RULES GOVERN. — Repealed by order effective February 1, 1946.
Rule 519. ADDITIONAL COSTS. — Repealed by order effective February 1, 1946.
Rule 520. SUBMISSION OF CAUSES. — Repealed by order effective February 1, 1946.
Rule 521. REPORT TO SUPREME COURT. — Repealed by order effective February 1, 1946.
Rule 522. OPINIONS. — Repealed by order effective February 1, 1946.
IT IS FURTHER ORDERED That such amendments to such rules, such notes and such repeals and withdrawals shall become effective on February 1, 1946:
IT IS FURTHER ORDERED That this order, including these amended rules along with the appended notes, and such showings of repeal and withdrawal, shall be recorded in the minutes of this Court;
IT IS FURTHER ORDERED That the official copy of this order, and of these amended rules, notes, repeals and withdrawals, *Page 661 
as embraced in the signed duplicate original draft of this order, shall be preserved by the Clerk of this Court in his office as one of the permanent records of the Supreme Court of Texas.
Entered this the 10th day of October, 1945, in duplicate originals.
JAMES P. ALEXANDER, Chief Justice
JOHN H. SHARP, Associate Justice
GORDON SIMPSON, Associate Justice
G.B. SMEDLEY, Associate Justice
W.M. TAYLOR, Associate Justice
J.E. HICKMAN, Associate Justice
C.S. SLATTON, Associate Justice
FEW BREWSTER, Associate Justice
A.J. FOLLEY, Associate Justice
 *Page 1