## SUGARLAND INDUSTRIES V. SAM DAILY.

No. 7540. Decided October 30, 1940.
Rehearing overruled December 18, 1940.
(143 S. W., 2d Series, 931.)

*Paul Port, Gaius G. Gannon,* and *Baker, Botts, Andrews & Wharton,* all of Houston, for plaintiff in error.

The argument made by counsel was not improper. Carsey v. Hawkins, 106 Texas 247, 163 S. W. 586; Texas & Pac. Ry. Co. v. Breadow, 90 Texas 26, 36 S. W. 410; McDonald v. International & G. N. R. R. Co., 86 Texas 1, 22 S. W. 939.

*Vinson, Elkins, Weems & Francis,* and *L. W. Pollard,* all of Houston, for defendant in error.

On the question of improper argument: Texas Life Ins. Co. v. Plunkett, 75 S. W. (2d) 313; Hooks v. Orton, 30 S. W. (2d) 681; 45 C. J. 992.

*Clinton G. Brown, Harper Macfarlane, Brooks, Napier, Brown & Matthews,* all of San Antonio, and *Robertson, Leachman, Payne, Gardere & Lancaster,* of Dallas, filed briefs as amici curiae.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals reversed the judgment of the district court in favor of plaintiff in error and remanded the cause on account of statements made by plaintiffs in error's counsel in his argument to the jury. 124 S. W. (2d) 199.

Defendant in error, Daily, sued plaintiff in error, Sugarland Industries, for damages by reason of personal injuries suffered

by his wife in a collision on a public highway between an automobile driven by Mrs. Daily and a truck owned by plaintiff in error and operated by its agent. Liability was alleged under the doctrine of discovered peril, as well as on account of specific acts of primary negligence. Plaintiff in error pleaded contributory negligence. The jury acquitted the truck driver on all issues of primary negligence and found that Mrs. Daily operated her automobile at a rate of speed in excess of 45 miles an hour and that such rate of speed was a proximate cause of the collision.. A negative answer was given to the issue presenting discovered peril as a ground for recovery.

The bill of exceptions, which sets out the argument of counsel, the objections and the court's rulings, quotes the issue of discovered peril as submitted in the charge and is as follows:

"Be it remembered that upon the trial of the above entitled and numbered cause, and while Mr. Gaius Gannon, counsel for the defendants, was arguing the case to the jury, the following argument and proceedings occurred:

"MR. GANNON: 'Now, here is an issue that I want to spend a little time on. It looks like I am about to keep you longer than I thought I would, but I want to discuss this with you. This is a very important issue, a tricky issue. It is one, if you don't look at every word of it, you are liable to get fooled about what you are being asked; and I would hate for you to make a mistake in answering this issue. "Do you find from a preponderance of the evidence that the driver of the truck and trailer discovered and realized Mrs. Daily's position of peril in time, by the exercise of ordinary care in the use of the means at hand, consistent with the safety of his motor vehicle and its occupants, to have avoided the collision, and that after so discovering and realizing such position of peril he failed to exercise ordinary care to avoid the collision." To my way of seeing it, if you will analyze that question, it is mighty near asking you "did he deliberately and consciously cause the accident." ' "

"MR. HIGHTOWER: 'If the Court pleases, I object to that. He is arguing in the teeth of the Court's charge. His statement is not supported by the Court's charge, and in fact it is contrary to the Court's charge.'

"THE COURTS 'I overrule the objection. Go ahead.'

"MR. HIGHTOWER: 'I except.'

"MR. GANNON: 'Well,, if it is not absolutely tantamount to deliberate and intentional injury it is the next thing to it.'

"MR. HIGHTOWER: 'We want an objection to that argument; and ask that the jury be instructed not to consider it. It is in

the teeth of the issue and contrary to the issue the Court has submitted.'

"THE COURT: 'I overrule the objection.'

"MR. HIGHTOWER: 'We except.'

"MR. GANNON: 'To my way of thinking, let me repeat, that is approaching deliberate and intentional misconduct. In other words, the court does not ask you did he drive fast and did that cause it; or did he fail to keep a lookout and did that cause it; or did he fail to have his car under control and did that cause it; but, did he, after he discovered that the plaintiff was in a position of peril, and after he had not only discovered it, but realizing that the plaintiff was in a perilous position,—after that time,—do you see? Did he then fail to do something to avoid this collision.'

"Be it further remembered that said remarks and argument were not withdrawn from the jury, but were permitted to be considered by the jury."

Defendant in error states in his brief that, in view of the trial court's action in overruling his objections to counsel's argument, "the question becomes whether or not such argument was a correct statement of the law." He cites and relies upon cases, one of which is J. S. Abercrombie Co. v. Delcomyn, 134 Texas 490, 135 S. W. (2d) 978, holding that argument is improper and ground for reversal when it is an incorrect statement of the law as set forth in the charge. Stated more particularly, the objection urged to the argument is that by it counsel told, or in effect told, the jury that a higher burden rested upon defendant in error, plaintiff in the trial court, than was placed upon him in law, in this, that according to counsel's statement the burden was on defendant in error to prove that the truck driver, after realizing Mrs. Daily's peril, deliberately or consciously caused the collision, whereas, the burden placed upon defendant in error in law and by the issue submitted was to prove that the truck driver, after realizing Mrs. Daily's peril, failed to exercise ordinary care to avoid the collision.

■ Careful consideration of the argument made leads us to the conclusion that it is not susceptible of such construction. It is not a statement of the law. The special issue submits only questions of fact. It is not accompanied by instruction as to its meaning or by any definition of the terms used in it other than the definition of "ordinary care" near the beginning of the charge. The jury is asked to find as facts whether (a) the driver of the truck discovered Mrs. Daily's position of peril, (b) realized her peril, and (c) failed, after so discovering and

realizing her peril, to exercise ordinary care to avoid the collision. Counsel's argument is not contradictory of any statement in the court's charge of the law of the case or of any definition of a term contained in the charge. The argument does not single out any one part of the special issue or any one of the several questions of fact submitted in it, but it is directed to the whole of the issue and expresses the opinion or belief of counsel that the whole question comes "mighty near to" or "the next thing to" or "approaches" asking the jury whether the driver of the truck deliberately or consciously or intentionally caused the collision. We believe the argument is nothing more than the expression of counsel's belief that the conduct of one who, after discovering and realizing the peril of another an imminent danger of being injured, fails to use ordinary care to avoid injuring such other person is *in fact* very nearly the equivalent of deliberate and intentional misconduct.

And so it seems in fact to be. It has been so characterized. Associate Justice Greenwood, writing the opinion in Wilson v. Southern Traction Co., 111 Texas 361, 367, 234 S. W. 663, said:

"For, we do not see how conduct can be characterized otherwise than an exhibiting reckless indifference to destroying human life or causing human suffering, where it consists in failure to use ordinary care to avoid the infliction of death or serious bodily injury on another in a positio no fimminent peril, after it is realized that the imperiled person can not or will not save himself."

■ This is the expression of the court's opinion that such conduct, the failure to use ordinary care after the discovery and realization of the other's peril, is in fact conduct of the same quality or character as that of one who is recklessly indifferent to destroying human life or causing human suffering. He said further in the same connection: "And, the civil consequences of such conduct should be the same as for a wilful or wanton act," meaning, as clearly expressed in the opinion, that, as in the case of wilful or wanton act, liability is imposed upon the defendant even though the plaintiff may have been guilty of contributory negligence.

This is the rule of law announced in the Wilson case and in other decisions. It is that civil consequences of the conduct of one who fails to use ordinary care to prevent injury of another in a discovered peril action are the same as the civil consequences of a wilful or wanton act, because the conduct of the actor in a discovered peril action is in fact so very nearly

the same as that of a wilful wrongdoer. Counsel's argument is in substance merely his expression of the same inference of fact, drawn from conduct represented by an assumed affirmative answer to the several questions of fact set out in the special issue, that the court indulges in the paragraph first above quoted from the Wilson case.

■ If counsel's argument can be taken as a statement of a rule or principle of law, it is not an incorrect statement. The conduct of a defendant liable in a discovered peril action is, as has been shown, very nearly the same as that of a wilful wrongdoer. Chief Justice Phillips, discussing the doctrine of discovered peril in W. A. Morgan & Bros. v. M. K. & T. Ry. Co. of Texas, 108 Texas 331, 334, 193 S. W. 134, said that the conduct of such defendant "has either all the character of an intentional wrong, or else is one of such recklessness as to amount to the same thing." We do not mean to sanction the argument of questions of law to juries. The objection made to the argument was that it was in the teeth of and contrary to the issue submitted in the court's charge.

The argument would have been contrary to the court's charge if it had in fact or in effect been that the words "failed to exercise ordinary care to avoid the collision" contained in the issue as submitted meant wilfully or intentionally causing the collision, or that the jury could not find, by its affirmative answer to the issue, that the truck driver failed to use ordinary care unless it believed and found that after discovering plaintiff's peril, he wilfully and negligently injured him. That was not the argument. It did not relate alone to the words "failed to use ordinary care" and did not state or suggest that wilful or intentional conduct should be substituted for those words in the jury's consideration of, and answer to, the issue. It did not suggest that the plaintiff had the burden of proving wilfulness or wantonness on the part of the defendant after he discovered plaintiff's peril. The argument, as has been said, was directed to the whole of the issue. This very clearly appears from the fact that before making the statements to which objection was made counsel read the whole of the issue and from the last part of counsel's statements, in which he stressed the fact that the conduct to which he was referring was the failure of the defendant's driver to do something to avoid the collision *after* he had not only discovered, but realized, that the plaintiff was in a perilous position. The argument was, in short, that the conduct of a defendant who discovers and realizes the plaintiff's peril and then fails to use ordinary care to avoid injuring him

is very nearly the same thing as intentional misconduct. In our opinion this argument is not ground for reversal.

■ Other assignments of error in defendant in error's brief in the Court of Civil Appeals relate to the admission of testimony tending to prove that Mrs. Daily was driving at an excessive rate of speed before the collision. This evidence was relevant only to the issue of contributory negligence, which became immaterial when the jury answered favorably to plaintiff in error all issues as to primary negligence of the truck driver. It does not appear that the evidence, if improperly admitted, could have influenced the jury's answer to the issue of discovered peril. Green v. South Texas Coaches, 116 S. W. (2d) 799; Taylor v. Davis, 234 S. W. 104.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court October 30, 1940.

Rehearing overruled December 18, 1940.