### KIMBLE et ux. v. COMET MOTOR FREIGHT LINES.
### No. 2333.

Court of Civil Appeals of Texas. Eastland.
March 5, 1943.

Callaway & Callaway, and Levie Old, all of Brownwood, for appellants.

Blanton & Blanton, of Albany, and Woodruff & Holloway, of Brownwood, for appellee.

LESLIE, Chief Justice.

B. L. Kimble et ux. instituted this suit against the Comet Motor Freight Lines, a private corporation, to recover damages resulting to them by reason of their son's death, alleged to have been proximately caused by the negligence of the defendant's truck driver, Chester Lee Lewis. Discovered peril was also alleged as a ground of recovery.

The defendant answered by general demurrer, special exceptions and alleged contributory negligence.

The trial was before the court and jury, and several special issues were submitted. Some were not answered when the verdict was returned.

Those unanswered and pertaining to liability on grounds of discovered peril furnish the basis of this appeal.

Near Cross Plains, Texas, the plaintiffs' Chevrolet car, southbound on the paved highway between Cisco and Brownwood and driven by their son, Le Roy Kimble, collided with defendant's northbound truck driven by Chester Lee Lewis. The accident occurred about midnight and near the top of a north-south incline in the public road.

In answer to Special Issue 1, the jury found that "immediately prior to the collision * * * Le Roy Kimble was in a position of peril", and in answer to Issue 2, that "immediately prior to the collision in question, the driver of the defendant's truck discovered that Le Roy Kimble was in a position of peril."

They did not answer Issue 3 as to whether the defendant's truck driver discovered Kimble's peril *"within such time* and distance as, that by the exercise of ordinary care in the use of all the means at his command, consistent with the safety of himself and his truck, he could have avoided the collision." (Italics ours.) Having made no finding on the vital question of time, naturally the jury did not then answer Issue 4, determining whether the driver of the truck failed thereafter to "exercise all such means at his command, consistent with the safety of himself and his truck, in order to avoid collision." Likewise, having failed to answer Issue 4, the jury did not answer the fifth issue, calling for a finding of whether or not "the failure of the driver of defendant's truck to exercise all such means at his command, consistent with the safety of himself and his truck, to have avoided the collision * * * was negligence * * *."

Logically the jury also omitted any answer to the question inquiring if such negligence was a proximate cause of the collision.

On the issue of contributory negligence, the jury found, in response to Special Issue No. 7, "that at the time of and immediately before the collision in question Le Roy Kimble was operating the car driven by him all or partly upon his lefthand side of the center of the highway in the direction in which he was traveling when such highway was not clear and unobstructed for a distance of at least fifty yards ahead"; and in answer to Special Issue 8, "that such operation by Le Roy Kimble of the car driven by him", was a proximate cause of said collision.

In answer to Special Issue No. 9, the jury found "that immediately prior to the collision in question, taking into consideration the conditions existing at the time of said collision, Le Roy Kimble failed to keep a proper lookout ahead for other vehicles approaching him upon the highway, including the defendant's truck, as a person of ordinary prudence would have

kept, under the same or similar circumstances"; and in answer to Special Issue No. 10, "that the failure of Le Roy Kimble to keep such proper lookout * * * was negligence * * *"; and in answer to Issue 11, that such negligence "was a proximate cause of the collision in question."

Further, and in answer to requested issue No. 4, the jury found "that Le Roy Kimble, the driver of the Chevrolet car, failed to yield one-half of the roadway to Chester Lewis, the driver of the truck, at and prior to the collision in question"; and in answer to requested Special Issue No. 5, "that failure of Le Roy Kimble to yield one-half of the roadway to Chester Lewis was a proximate cause, or contributing cause, of the collision in question."

■ Obviously all questions of primary negligence and contributory negligence become immaterial and passed out of the case under the above findings. Wilson v. Southern Traction Company, 111 Tex. 361, 234 S.W. 663. International & G. N. R. Co. v. Acker, Tex.Civ.App., 128 S.W.2d 506.

At the conclusion of the testimony the defendant requested an instructed verdict, and on the return of the verdict requested judgment notwithstanding the verdict. The trial court entered judgment in favor of the defendant, evidently finding that the evidence, or the total lack thereof, bearing upon material issues of discovered peril, conclusively entitled the defendant to a judgment.

■ We, therefore, shall consider all the testimony in the light most favorable to the appellants and discard all evidence unfavorable to them. Fernandez v. Rahe, Tex.Civ.App., 61 S.W.2d 529, and authorities there cited.

In answer to Issue 2, the jury found "that immediately prior to the collision * * * the driver of defendant's truck discovered that Le Roy Kimble was in a position of peril." As said by our Supreme Court in an opinion by Justice Critz in Northern Texas Traction Co. v. Weed, Tex.Com.App., 300 S.W. 41, 44: "In nearly all cases of injury there is a discovery of the danger at some point prior to the injury, and the crucial issue is the *time of discovery*." So it is here, and after a careful examination of the statement of facts, we conclude that there is no testimony that the truck driver discovered Kimble's peril (1) within such time and distance that, by the exercise of ordinary care in the

use of all the means at his command, consistent with the safety of himself and truck, he could have avoided the collision in question, or (2) that the truck driver, after realizing such peril, etc., failed to exercise that degree of care which a person of ordinary prudence would have exercised under the same or similar circumstances to avoid injuring the deceased.

The physical facts and circumstances resulting from the collision confirm the above conclusion. When the two vehicles collided, the appellee's truck was on the proper side of the road, according to the law of the road. It was hit about the hub of the left front wheel and the hinge of the left door. The contact was with the Chevrolet car approaching from the opposite direction at an angle indicating clearly that the deceased driver of the Chevrolet car was departing from the west side of the road, or (as found by the jury in answer to requested issues 4 and 5), "* * * failed to yield one-half of the roadway to Chester Lewis, the driver of the truck at and prior to the collision in question."

In this connection, it must be observed that the front end of the truck was missed, but in some way the Chevrolet car hooked the front wheels of the truck or axle and jerked or knocked the same out from under the truck, with the evident result that the front body frame of the truck went down and gouged a considerable hole in the pavement about 3 feet from the center line of the pavement. At the place of the accident the pavement is 19 feet and 4 inches wide, and the warning stripe and the center line thereof were distinct and about 4 inches apart. The distance between the "gouged out" place in the pavement and the center line was about 32 to 36 inches, and, as stated, said place was on the east half of the pavement where the truck was traveling in a northern direction. The surface appearances at the point of collision and the marks and dents upon the truck and the automobile reflect a terrific impact which must have been the result of unusual speed, sufficient at least to knock from under the truck the front wheels of the same and causing the truck to turn over. The Chevrolet car was badly crushed but remained upright.

■ A lengthy discussion of the testimony would serve no useful purpose, but after a careful study of the same, we are of the opinion that it fully warrants the

judgment of the trial court when tested by every rule of law creating or fixing liability on the theory of discovered peril. Northern Texas Traction Co. v. Weed, Tex. Civ.App., 300 S.W. 41(44); Baker v. Shafter, Tex.Com.App., 231 S.W. 349; Texas & P. R. Co. v. Breadow, 90 Tex. 26, 36 S.W. 410; W. A. Morgan et al. v. Missouri, K. & T. R. Co., 108 Tex. 331, 193 S.W. 134; Sugarland Industries v. Daily, 135 Tex. 532, 143 S.W.2d 931; International & G. N. R. Co. v. Acker, Tex.Civ.App., 128 S.W.2d 506; Dallas R. & Terminal Co. v. Bishop, Tex.Civ.App., 153 S.W.2d 298; Cobb v. Texas & N. O. R. Co., Tex. Civ.App., 107 S.W.2d 670, 674. 30 Tex. Jur. page 679, Sec. 30 et seq.

For the reasons assigned, the judgment of the trial court is affirmed.