## ELDER v. PANHANDLE STAGES SHUTTLE SERVICE.

### No. 5680.

Court of Civil Appeals of Texas. Amarillo.

Sept. 17, 1945.

Rehearing Denied Oct. 22, 1945.

Sanders & Scott, of Amarillo (Albert Smith, of Amarillo, appearing), for appellant.

R. E. Underwood, Jr., of Amarillo, and Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellee.

BOYCE, Justice.

The appellant, Ema Elder, sued appellee, Panhandle Stages Shuttle Service, claiming damages for personal injuries sustained by appellant when she, a pedestrian, was struck by a bus belonging to appellee. Jury findings of negligence on the part of the bus driver and of contributory negligence on the part of appellant resulted in a judgment for appellee. The appeal is predicated upon (1) the failure of the trial court to submit issues of discovered peril in connection with the conduct of the driver of another bus belonging to appellee, proceeding in the opposite direction to that of the bus which struck appellant, and (2) upon the exclusion of testimony relative to appellant's diminished earning capacity.

The collision occurred about 7:30 a. m. on February 3, 1944, at the intersection of Northeast Eighth and Williams Streets in Amarillo. Northeast Eighth Street is a

thoroughfare leading to Amarillo Army Air Field and the Pantex Ordnance Plant and usually bore heavy traffic at that hour of the morning. The street runs east and west and is partially paved with asphalt. The paved portion is thirty-two feet wide and is divided into three traffic lanes set off from each other by yellow strips painted on the pavement. Each traffic lane is ten feet eight inches wide. To the north of the paved portion of the street for a distance of about two hundred yards east of the intersection the ground slopes gently away from the paving for a distance of about twenty-five feet. There are no obstructions in this sloping area. At the time of the collision the weather was dark and clear and the pavement and the sloping area were dry. Both of the appellee's buses had their headlights on, with the beams turned down.

Appellant entered the intersection with the intention of crossing Northeast Eighth Street from south to north to reach a bus stop on the north side of the street for the purpose of boarding a downtown intracity bus. Appellee's buses were engaged in transporting persons between Amarillo and the Amarillo Army Air Field and not in intracity transportation. They did not use the bus stop mentioned.

Before entering the intersection appellant looked to the west and to the east along Northeast Eighth Street. To the west she saw an automobile moving eastward in the south lane, and to the east another automobile proceeding westward in the north lane; she saw no other cars. Appellant estimated that both vehicles were one hundred to one hundred fifty feet from the intersection and traveling at a speed of twenty-five to thirty miles per hour. After entering the intersection appellant kept her lookout to the west until she crossed the south traffic lane, observed that the center lane was clear both to the west and the east, and then, with her lookout to the east, proceeded across the center lane to a point about two feet south of its north boundary. There she stopped with the intention of permitting the westbound vehicle (a bus belonging to appellee) to pass in front of her before she went on to the bus stop. A second or two after she had stopped, appellant was struck by the left rear side of an eastbound bus belonging to appellee. This bus was passing the car which appellant had noticed in the south lane of the street as she entered the intersection. Appellant

freely testified that she never saw the bus which struck her. She thought the westbound bus passed her at about the time she was struck.

It is appellant's contention that appellee is liable to her for the injuries sustained, because R. D. Ellerd, the driver of the westbound bus, failed to stop or drive off the paving to the right immediately after he saw that appellant was in danger; that the failure of the bus to stop or drive off the pavement to the right prevented appellant from removing herself from her perilous position.

Ellerd testified that he first saw appellant standing in the street near the stripe between the center and north traffic lanes when about seventy-five or eighty feet from her; that he believed she was facing south though he could have been mistaken; that she was in a "bad spot"; that he noticed the other bus pull out into the center lane and then swerve to the right; that when witness first noticed appellant he began to slow down his bus in order to stop if necessary; that he applied his brakes but did not skid his tires; that he moved as far to the right on the paving as possible; that he was ten or twelve feet east of the point where appellant was standing at the time of the collision; that he was driving about twenty-five miles an hour when he first saw appellant and could have stopped his bus before he reached her; that it would have taken from one and one half to two seconds to stop the bus.

Liability in discovered peril cases rests upon the violation of a new duty which arises when the peril is discovered. Wilson v. Southern Traction Co., 111 Tex. 361, 234 S.W. 663; East Texas Theaters, Inc., v. Swink, 142 Tex. 268, 177 S.W.2d 195. The elements of the doctrine have been stated to involve the exposed condition of the plaintiff, its discovery by the defendant in time to avert injury by the use of all means at his command commensurate with his own safety, and the failure to use such means. Burton v. Billingsly, Tex.Civ. App., 129 S.W.2d 439, writ of error refused. The conduct of the person held liable by application of the doctrine ordinarily approaches that of a deliberate or conscious wrongdoer. Sugarland Industries v. Daily, 135 Tex. 532, 143 S.W.2d 931.

There was little conflict in the testimony, which must be considered in the

light most favorable to appellant. Vontsteen v. Rollish, Tex.Civ.App., 133 S.W.2d 589, writ of error refused.

Although the jury might have found that Ellerd realized when he first saw appellant that she was in danger of being struck by the bus which had turned into the center lane, we do not believe a finding that Ellerd could have prevented the collision would have been warranted by the evidence. When Ellerd first saw appellant he was seventy-five or eighty feet from her, traveling at a speed of twenty-five miles per hour, or a little more than thirty-six feet per second. He had no time for deliberation, his decision had to be made and executed in approximately two seconds. The reaction of an ordinarily prudent person in such a situation would be to anticipate that the appellant would seek to extricate herself from danger by stepping or jumping into the north traffic lane and to take precautions to avoid striking her. There was not sufficient time to explore other possibilities. When Ellerd saw that the appellant was in danger, he had the duty of getting his bus under control and of operating it in a manner which would permit the appellant, should she become aware of her peril, to step out of the way of the approaching eastbound bus without danger of being struck by Ellerd's bus. He reduced his speed so that he could stop if necessary. He drove his bus to the right edge of the pavement. The appellee's buses were eight feet wide. From the south boundary of the center lane to the north edge of the pavement the distance is slightly more than twenty-one feet. Appellant was standing at the time of the collision about two feet south of the north boundary of the center lane. The forward part of the eastbound bus cleared her and she was struck by the left side of the vehicle near its rear end. Allowing for approximations in distances, it thus appears that there was a clear space of three to five feet between the paths of the two buses; appellant would have been safe in this open space.

Ellerd's conduct alone could not have prevented the collision. Appellant recognizes that fact in her requested issues 15–c and 16–c, refused by the trial court, in which inquiry is made whether appellant would have moved on across the street in time to avoid the collision had Ellerd stopped or driven off the pavement to the right. Appellant was standing still when Ellerd first saw her. She had elected to give Ellerd the right of way when she stopped where she did, and no wrongful conduct on Ellerd's part influencing that decision is shown. We do not believe Ellerd was charged with the duty of attempting to change appellant's decision in the short time at his disposal.

It is our conclusion that the conduct of Ellerd did not raise the issue of liability under the doctrine of discovered peril.

In reaching the conclusion above stated, we have not overlooked the case of Central Texas & N. W. R. Co. v. Gibson, Tex.Civ. App., 83 S.W. 862. The facts in that case show that either of two groups of defendant's employes, one group being composed of those who were in charge of the railroad car which inflicted the injury, and the other group being composed of bystanders, could have prevented the collision by their acts alone apart from any change of conduct on the part of plaintiff.

Our decision on the matters discussed renders unnecessary any disposition of the point relative to the exclusion of testimony concerning appellant's reduced earning capacity.

The judgment is affirmed.