HAWKINS et al. v. HOUSTON TRANSIT CO. et al.

No. 12154.

Court of Civil Appeals of Texas. Galveston.

Feb. 23, 1950.

Rehearing Denied March 16, 1950.

Ernest S. Fellbaum, Franklin, Kelly & Graham and Roy L. Merrill all of Houston, for appellants.

Wm. R. Brown and C. Brien Dillon, of Houston, Baker, Botts, Andrews & Parish, of Houston of counsel, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellants, Millie Hawkins, the surviving widow of Thornton Hawkins, deceased, and their four children, for the recovery of damages alleged to have been sustained by them as the result of the negligent operation of a bus owned by appellee, Houston Transit Company, and being driven by appellee, Raymond E. McDaniel, which resulted in the death of Thornton Hawkins.

Appellees answered by defensive pleas and by an allegation that the injury which caused Thornton Hawkins' death was the result of his own negligence.

In answer to special issues submitted, the jury found, in substance, that appellees

were not negligent in the operation of the bus and that the deceased was negligent in failing to keep a lookout for vehicular traffic in crossing Walker Avenue; in attempting to cross the street at the point where he was struck and in failing to stop before attempting to cross the street in the path of the approaching bus; and that such acts of negligence were the proximate causes of his being struck by the bus.

Based on the verdict of the jury, judgment was rendered that appellants take nothing by their suit.

Appellants rely for reversal on two points of assigned error. Under their first point they contend that the trial court erred in refusing to submit their seven requested special issues covering the elements of discovered peril, and under their second point they contend that the court erred in failing to submit to the jury issues containing the elements of discovered peril in proper form if the issues submitted by them did not properly and fully cover such elements.

This suit arose out of an accident which occurred on December 8, 1947, at about 9:25 P. M., near the intersection of Smith Street and Walker Avenue in the City of Houston. The streets were dry and there were no traffic lights or signs at the intersection. Appellee Raymond E. McDaniel, the driver of the bus, testified that he was traveling west on Walker Avenue at the rate of about 23 miles per hour when he approached Smith Street and that he "let up on his gas to look for traffic" as he entered the intersection of Smith and Walker Streets. He testified that as soon as he got his foot back on the gas he saw Thornton Hawkins walking across the street about five feet in front of his bus and that he immediately turned the bus as hard as he could to the left and slammed on his brakes to keep from striking him.

A witness, Walter Kloesel, testified that he was standing near the front of the bus at the time the accident occurred; that the bus was full and that passengers were standing in the aisles. He testified that he saw Hawkins about ten feet in front of the bus when it entered the intersection and that at that time the driver of the bus ap-

plied the brakes and started swerving to the left.

Four women passengers on the bus testified that they saw Hawkins from one to six feet before he was struck by the bus. Each of the witnesses testified that the bus operator applied the brakes and swerved to the left as soon as they saw Hawkins.

The sole question for determination in the appeal is whether there is evidence in the record to establish the fact that the driver of the bus actually discovered the perilous position of the deceased in time to have avoided striking him, by the use of all the means at his command, consistent with his own safety and that of his bus and passengers.

It is the established law of this State that "'The doctrine of discovered peril involves three elements, viz.: (1) The exposed condition brought about by the negligence of the plaintiff; (2) the actual discovery by defendants' agents of his perilous situation in time to have averted—by the use of all the means at their command, commensurate with their own safety—injury to him; and (3) the failure thereafter to use such means.' Turner v. Texas Co., 138 Tex. 380, 159 S.W.2d 112; Baker v. Shafter, Tex.Com.App., 231 S.W. 349, and authorities cited.

The burden of establishing each of these elements of discovered peril by competent evidence is upon the party relying upon the doctrine of discovered peril. Parks v. Airline Motor Coaches, 145 Tex. 44, 193 S.W.2d 967.

In the case of Turner v. Texas Company, supra, under a similar state of facts the Supreme Court held that actual discovery of the perilous position of a pedestrian who was killed in an automobile collision was essential to recovery and that it was not enough that the one inflicting the injury should have discovered the peril of the person injured or that he was negligent in not discovering it.

The case of Parks v. Airline Motor Coaches, supra, was also brought for the recovery of damages for the alleged negligent killing of a pedestrian, who was attempting to cross a public highway, by the

driver of a bus. In holding that none of the elements of discovered peril were raised by the evidence, the Supreme Court held that the driver of the bus had a right to presume that the pedestrian would not negligently attempt to cross the highway in the path of the bus and thus place himself in a perilous position. The driver of the bus could not be said to have been guilty of negligence, in so far as the doctrine of discovered peril is concerned, even if he had seen Hawkins when he stepped off of the curb unless he knew or had reason to think from his actions that he would negligently go into the street in the path of the bus. Parks v. Airline Motor Coaches, supra; Texas & N.O. R. Co. v. Grace et al., 144 Tex. 71, 188 S.W.2d 378, and authorities cited.

There is no evidence in this record from which it could be reasonably presumed that the driver of the bus thought that Hawkins was about to step into the path of the bus or that Hawkins was in a position of peril until it was too late for the driver of the bus to prevent his bus from striking him.

Further, it is the settled law in this State that a plaintiff who relies upon the doctrine of discovered peril must establish by competent evidence the actual discovery by defendant's agent of the perilous position of the party injured.

In the case of Barber v. Anderson, Tex. Civ.App., 127 S.W.2d 358, error dismissed, correct judgment, this court passed upon a case in which the facts were similar in all material respects to those in the instant case. In that case a 6-year-old child ran into the side of an ice truck and its operator was sued for damages. A jury found that there was no primary or contributory negligence, and judgment was rendered for defendant. On appeal, plaintiff assigned error in the refusal by the trial court to submit requested issues on discovered peril. The driver of the truck testified that he did not see the child until it ran from behind a parked car. Plaintiff contended, as in the instant case, that there was nothing to prevent the driver from seeing the child. In holding that discovered peril was not raised in that case, this court held that there was no evidence reasonably tending to prove that the driver of the truck either actually discovered or realized that the child was in a position of peril until immediately prior to the collision and that he applied his brakes and turned his truck to the left in an unsuccessful effort to avoid the collision.

This court further held that, while the actual discovery of the injured party's peril might be established by circumstantial evidence, the evidence must be such as to fairly warrant the inference that there was an actual discovery or actual knowledge of the perilous situation.

In the instant case, the trial court who heard the testimony from the witnesses presumably found that appellants had failed to establish the actual discovery by the bus driver of Thornton Hawkins' perilous situation in time to have avoided striking him, and, for that reason, refused to submit the requested issues on discovered peril. The jury subsequently found in its verdict that the deceased's injuries were due to his own negligence and that appellees were not negligent.

It follows from the above conclusion that the judgment of the trial court must be in all things affirmed.

Affirmed.