## McBRIDE v. TALLEY et al.
### No. 12502.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 14, 1953.

Rehearing Denied Feb. 9, 1953.

Cade & Bowlin, Lubbock, Cade & Edwards, Glendale, Cal., for appellant.

Birkhead, Beckmann, Stanard, Vance & Wood, John H. Wood, Jr., Hugh P. Shovlin, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal by Edna G. McBride from a judgment of the 37th District Court

of Bexar County, Texas, denying her any recovery occasioned by the accidental death of her son, Henry G. McBride, who was killed near Cotulla, Texas, on the 25th day of May, 1951, while riding as a passenger in an automobile owned and operated by Louis C. Pasquantonio. This automobile collided with a truck owned by C. A. Talley, Sr., and C. A. Talley, Jr., doing business as Talley Transfer Company. The truck was being operated at the time of the collision by one Panfilo Estrada. The judgment was the result of an instructed verdict given by the court in favor of the defendants and against the plaintiff.

Appellant's first contention is that the evidence raised a fact issue, which should have been submitted to the jury, as to whether or not the driver of the truck was guilty of negligence, proximately causing the injury and death of Henry G. McBride, in that he was driving his truck on the wrong side of the road at the time it collided with the automobile in which McBride was riding as a passenger. Appellant relies upon the testimony of Louis C. Pasquantonio to establish the fact that the truck was being operated on the wrong or left-hand side of the highway at the time of the collision. Pasquantonio's testimony was somewhat contradictory and vague at times, nevertheless, he testified positively that he was operating his automobile on his right side of the road at the time of the collision, and this was sufficient to raise a fact issue of neglect on the part of the driver of the truck, which should have been submitted to the jury. Pasquantonio admitted that he and his four companions, among whom was McBride, had left Lackland Air Base about 8 p. m. May 24th and driven to Laredo, Texas, in his automobile. They had also gone across the river to Nuevo Laredo, and there visited night spots after midnight. They returned to Laredo and began their journey back to Lackland Air Base some time after 3 a. m. on the morning of May 25, 1951. None of the party had had any sleep during the night and Pasquantonio had done all of the driving. On their return trip they collided with appellees' truck between the towns of Encinal and Cotulla, Texas, at a

point about six miles north of Encinal and about twenty miles south of Cotulla. All of the occupants of the passenger car were asleep at the time of the collision except the driver.

In determining whether or not a fact issue is raised, it is necessary to consider the evidence in the light most favorable to the appellant and disregard all evidence to the contrary. Kleising v. Miller, Tex.Civ.App., 83 S.W.2d 732; Harpold v. Moss, 101 Tex. 540, 109 S.W. 928; Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725; Thomas v. Postal Tel.-Cable Co., Tex.Com.App., 65 S.W.2d 282; Henderson v. Burkholder, Tex.Civ.App., 29 S.W.2d 937; Henry v. Publix Theatres Corp., Tex.Civ.App., 25 S.W.2d 695. When this is done it will be seen that Pasquantonio's testimony that he was driving on his right-hand side of the road at the time of the collision raised a fact issue which should have been submitted to the jury. It was shown on cross-examination that Pasquantonio's deposition had been taken after the accident, and in this deposition he made statements that indicated he did not remember too clearly just what happened at the time of the collision. In one place in his deposition he stated that the collision happened very suddenly. For a moment he saw the truck and the lights and the impact occurred; that there was some question and some confusion in his mind because it happened so quickly; that he believed he was on his right-hand side of the road; that he thought he was on the right-hand side of the road, but he went on to say that he believed it and he knew it as well as he knew any fact. When he was asked on cross-examination to give his version as to how the collision occurred, he made the following statement:

"Well, I was traveling from Laredo back to San Antonio, and it was a clear evening; I noticed that the road was under repair and had a covering, a rather white, crushed gravel of some kind, and I noticed that road was to an extent slightly narrower than other roads I had been used to driving on in Texas, and coming along I was doing approximately somewhere in between

fifty and fifty-five miles an hour, traveling at what I considered a safe speed and was considered safe within the speed limits. And I became aware of another car, another vehicle approaching me rather suddenly, and, well, as far as I could realize, seemed to me there was something out of proportion in exactly the way we were going towards each other. I can't exactly explain fully, but there seemed to be something wrong, something clicked in my brain, and as we got closer I realized there was something definitely wrong, and then the point of the contact was made. The truck and my car collided."

He further stated, "that was all I knew about it." He denied that he was asleep at the time of the collision. He did not positively deny that he had told Mr. Talley that he had gone to sleep before the accident occurred. He went no further than to say that "I don't think I did." He admitted that he might have told the Highway Patrolman, Mr. Ellison, who investigated the accident at the scene, that it was all his fault. However, this testimony is insufficient to set aside and render of no probative force his direct and positive testimony. His credibility as a witness was for the jury to pass upon. Rose v. O'Keefe, Tex.Com.App., 39 S.W. 2d 877; New St. Anthony Hotel Co. v. Pryor, Tex.Civ.App., 132 S.W.2d 620; Lynch Oil Co. v. Shepard, Tex.Civ.App., 242 S.W.2d 217, writ refused.

Appellant next contends that this case should have been submitted to the jury under the doctrine of discovered peril. We overrule this contention. In support of this contention appellant relies upon the testimony of Panfilo Estrada, the driver of the truck, at the time of the collision. Appellant took Estrada's deposition and introduced it in evidence at the trial, and she also called Estrada to the witness stand and he testified during the trial. Estrada's testimony is to the effect that he saw the passenger automobile coming at a distance of about 300 yards from him; that he saw it was gradually coming over to his side of the highway, and that when it approached within about 200 feet from him it was completely over on his side of the highway. He blinked his lights and honked his horn and cut his truck to the right-hand side of the road, and pulled it about three or four feet off the paved portion of the highway when the passenger automobile struck him. He also testified that he measured the pavement at the point of the collision and it was 19 feet wide. His truck was about 8 feet wide, and he was driving at not more than 30 miles an hour at the time of the collision. The evidence does not raise an issue of discovered peril and the court properly refused to submit such issue to the jury. Parks v. Airline Motor Coaches, 145 Tex. 44, 193 S.W.2d 967; Burton v. Billingsly, Tex.Civ.App., 129 S.W.2d 439; Thurmond v. Pepper, Tex. Civ.App., 119 S.W.2d 900; Schumacher v. Missouri Pac. Transport Co., Tex.Civ. App., 116 S.W.2d 1136; Kimble v. Comet Motor Freight Lines, Tex.Civ.App., 169 S.W.2d 760; Kennedy v. Wichita Production Co., Tex.Civ.App., 242 S.W.2d 261; Texas, Pacific Coal & Oil Co. v. Wells, Tex.Civ.App., 151 S.W.2d 927.

Appellant next contends that the court should have submitted the issue as to monetary damages suffered by appellant, due to the loss of her only child. The evidence shows that Henry G. McBride was the only child of appellant and that he was never married. She was dependent upon him for a livelihood; he had been employed off and on since he was 16 years of age; he was earning some $350 to $400 a month at the time he enlisted in the air force, and he had contributed some $50 to $60 a week to her prior to his having entered the Air Force. Appellant's husband is dead and he had been non compos mentis for several years before his death. Her son was 21 years of age and was well educated. He had a life expectancy of more than 45 years and could earn $600 a month for the remainder of his life. She was 65 years of age and had a life expectancy of more than eleven years. Her son had only been a member of the Air Force for 4 or 5 months and had not made an allotment to her, but had written her on several occasions that he was attempting to

do so and that it should soon come through. This evidence was sufficient to warrant a submission to the jury as to the amount of damages sustained by appellant due to the accidental death of her only son. Francis v. Atchison, T. & S. F. Ry. Co., 113 Tex. 202, 253 S.W. 819, 30 A.L.R. 114; Peek v. Parker, Tex.Civ.App., 210 S.W.2d 619.

Accordingly, the judgment of the trial court will be reversed and the cause remanded.