John A. FISTER, Appellant,

v.

Benjamin R. JACKSON, Appellee.

No. 12827.

Court of Civil Appeals of Texas.

San Antonio.

March 16, 1955.

T. P. Hull, San Antonio, for appellant.

Robert D. O'Callaghan, Michael J. Kaine, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is a suit for damages growing out of an automobile collision. Plaintiff, Benjamin R. Jackson, was driving his automobile in a southerly direction on North St. Mary's Street in the City of San Antonio, about 1 a. m. on January 25, 1953, and defendant, John A. Fister, was driving his automobile in a northerly direction at the same time and place when a collision occurred between the two automobiles. The collision occurred on the west side of the street, which was the left or wrong side for defendant, Fister. Defendant's defense was steering gear trouble.

The trial was before the court without the intervention of a jury and resulted in judgment in favor of plaintiff against defendant in the sum of $1,367.57. There was an intervener in the case, but that is unimportant here. John A. Fister has prosecuted this appeal.

The evidence shows that the appellee was on his right side of the street and that appellant was on his wrong side of the street at the time of the collision. This evidence in itself is sufficient, unless explained or justified, to show negligence on the part of appellant and proximate cause of the collision. McBride v. Talley, Tex.Civ.App., 254 S.W.2d 905; Collins v. Smith, Tex.Civ.App., 170 S.W.2d 562; affirmed, 142 Tex. 36, 175 S.W.2d 407.

Unless the evidence conclusively shows that the collision was an unavoidable accident due to steering gear trouble, we would not be warranted in disturbing the implied finding of the trial judge, who was the trier of facts, that the collision was not an unavoidable accident. Appellant testified that prior to the collision he had been driving his automobile and that the steering gear was working satisfactorily, but just as he was approaching appellee he heard a snapping noise. That at this point the street made a curve to the right and he tried to turn his automobile to the right but, after hearing this snapping noise, he was unable to do so and it continued on and struck appellee's automobile. This testimony was given by an interested party and did not conclusively establish the fact of steering gear failure. The witness Fisher, to whose garage appellant's automobile was taken, testified that after the collision the steering gear was bent and was very difficult to use. He, of course, did not know when the injury to the steering gear occurred. Another mechanic who testified for appellee said he examined the steering gear of appellant's car and found that it would work. At most all of this testimony raised an issue of unavoidable accident for determination by the trier of facts. The trial judge, who was the trier of facts, decided the question against appellant and his finding is binding upon this Court. Collins v. Smith, supra; Alamo Motor Lines v.

Moreland, Tex.Civ.App., 269 S.W.2d 858; Chesshir v. Nall, Tex.Civ.App., 218 S.W.2d 248; White v. Akers, Tex.Civ.App., 125 S.W.2d 388.

The judgment of the trial court is affirmed.