Martin L. DUTCHER, Appellant,

v.

D. C. OGLE, Appellee.

No. 16675.

United States Court of Appeals
Fifth Circuit.

Feb. 11, 1958.

Rehearing Denied March 17, 1958.

Rufus S. Garrett, Garrett & Garrett, Fort Worth, Tex., for appellant.

G. W. Parker, Jr., Stone, Agerton, Parker & Kerr, Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, TUTTLE, Circuit Judge, and HANNAY, District Judge.

HANNAY, District Judge.

The Plaintiff below (the Appellant here) appeals from the judgment for the Defendant based upon a jury verdict. The action was for injuries received in an automobile-truck collision. The jury found Appellant and Appellee's truck-driver each guilty of negligence. The issue of "discovered peril" duly plead was timely requested by the Appellant and was refused. The sole question in the appeal is whether such issue should have been submitted to the jury.

Appellant contends that competent evidence had established each element of the requested issue. The Appellee claims that the Court was correct in refusing to submit the issue of discovered peril because it was not raised by the evidence.

The pertinent facts are that on the morning of August 21, 1956, shortly after 7:15 A.M., Appellant, after picking up two friends, was proceeding in his Cadillac convertible, which weighed approximately 4,700 pounds, in an easterly direction on White Settlement Road in Fort Worth, Texas. One of his passengers was seated in the front seat and the other in the back seat.

Appellee's truck (sometimes referred to as a tractor) driven by his employee, Colvin, was proceeding west on White Settlement Road. Colvin attempted to make a left turn on Carroll Street and proceed south. Carroll Street was 30 feet wide and White Settlement Road was 55 feet wide. Colvin testified that

when he first saw Appellant's car it was about 530 feet from the point of collision and traveling at the rate of from 50 to 65 miles per hour. Appellee's truck was moving at the rate of about 5 miles per hour, and just before the collision Colvin says that he gave a hand or mechanical signal and attempted to make a left turn and had almost completed same and was half-way into the south half of the road when he first saw Appellant's car "whip out from behind another car." He (Colvin) immediately reached for his brake and got his foot on the brake, he thinks, but is not sure, and attempted to turn back to his right.

Appellee's truck was evidently lifted into the air by the force of the collision because there were no skid marks made by it. Said truck was carrying 140 gallons of gasoline at the time.

Appellant's version of what happened is that he was driving at about 30 miles per hour when he suddenly saw Appellee's truck *not more than 20 feet* in front of him, and the collision occurred almost instantaneously.

The only claim of negligence with respect to "discovered peril" made by Appellant is the failure of Colvin to accelerate the speed of the truck.

The single question for determination is whether there is evidence in the record to establish the fact that the driver of the truck actually discovered the perilous position of the Appellant in time to have avoided the collision by the use of all the means at his command consistent with his own safety and that of his truck.

▆ In Hawkins v. Houston Transit Co., Tex.Civ.App., 227 S.W.2d 604, 605 (error denied), the Court held:

"It is the established law of this State that 'The doctrine of discovered peril involves three elements, viz.: (1) The exposed condition brought about by the negligence of the plaintiff; (2) the actual discovery by defendants' agents of his perilous situation in time to have averted—by the use of all the means at their command, commensurate with

their own safety—injury to him; and (3) the failure thereafter to use such means.' Turner v. Texas Co., 138 Tex. 380, 159 S.W.2d 112; Baker v. Shafter, Tex.Com.App., 231 S.W. 349, and authorities cited."

The burden of proving each of these elements is upon the party relying upon the doctrine of discovered peril. Parks v. Airline Motor Coaches, 145 Tex. 44, 193 S.W.2d 967.

In Turner v. Texas Company, supra, the Texas Supreme Court held that *actual* discovery of the perilous position of plaintiff was essential to recovery and that it was not enough that one who inflicted the injury *should* have discovered the peril of the person injured or that he was negligent in *not* discovering it.

There is no evidence in this record from which it could reasonably be presumed that Colvin thought that Appellant was in a position of peril until it was too late for him, Colvin, to prevent the collision by the exercise of ordinary care.

Further, in this connection, the case of Barber v. Anderson, Tex.Civ.App., 127 S.W.2d 358, 359 (error dismissed), holds as follows:

"The doctrine of discovered peril does not arise unless and until there is an *actual discovery* (italics ours) of the perilous position of the injured party by the party inflicting the injury in time to avoid the injury by the exercise of ordinary care in the use of all the means at hand. It is held that if the party inflicting the injury had no such knowledge the duty was not imposed even though it is clear that by the use of ordinary care he might have acquired such knowledge and that mere negligence in failing to discover the peril does not of itself invoke the doctrine of discovered peril. Northern Texas Traction Co. v. Singer, Tex.Civ.App., 34 S.W.2d 920; Baker v. Shafter, Tex.Com.App., 231 S.W. 349; Northern Texas Traction Co. v. Weed, Tex.Com.App., 300 S.W. 41."

In Sisti v. Thompson, 149 Tex. 189, 229 S.W.2d 610, 614, the Supreme Court of Texas quotes with approval from the Restatement of the Law of Torts as follows:

"* * * It is essential that the defendant must also realize, or have reason to realize, that the plaintiff is *inattentive* and therefore is in peril. In a factual situation of this kind, the defendant is entitled to assume that the plaintiff is giving reasonable *attention* to his surroundings; that one in such a place of peril will obey the instinctive urge of self-preservation to the extent that he will remove himself from the impending danger. As a consequence, the defendant is liable *only* when he realizes, or has reason to realize, the *inattentiveness* of the plaintiff and the position which he occupies. In other words, the defendant has a right to rely upon the fact that the plaintiff will take such steps as are necessary to extricate himself from the perilous position in which he is situated. The text writers are in agreement on this proposition." (Emphasis supplied.)

In the instant case there is no evidence that Colvin realized or had any reason to believe that Appellant was so inattentive that he would not observe Appellee's truck until only 20 feet from it and would make no effort to extricate himself from the alleged position of peril. Colvin was entitled to assume that Appellant was giving reasonable attention to his situation.

In the case of Arnold v. Busby, Tex. Civ.App., 298 S.W.2d 627, 633 (error refused), the Court used the following language:

" 'The plaintiff *must* show that the driver of the other vehicle, after having become aware that a collision was imminent, had *time* within which to control the movements of his vehicle. The driver of the other vehicle is not responsible where there is no evidence which tends to show that he could have done other-

wise than he did in order to avoid the collision.' Kennedy v. Wichita Production Co., Tex.Civ.App., 242 S.W.2d 261, 264. (Emphasis supplied.)

"The conduct of a person held liable by application of the doctrine of discovered peril approaches that of a deliberate or conscious wrongdoer. Elder v. Panhandle Stages Shuttle Service, Tex.Civ.App., 189 S.W.2d 762, 763, affirmed 144 Tex. 638, 193 S.W.2d 170; Sugarland Industries v. Daily, 135 Tex. 532, 143 S.W.2d 931; Kennedy v. Wichita Production Co., supra."

Here, the conduct of Colvin could not be considered as deliberate or conscious because it is perfectly plain that he acted instinctively and instantaneously.

The District Court heard all the evidence and held that the issue of discovered peril was not raised. We believe that he was right. Judgment is therefore affirmed.