**KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant,**

v.

**John E. FLOWERS, Appellee.**

No. 7181.

Court of Civil Appeals of Texas.

Texarkana.

March 29, 1960.

Rehearing Denied April 16, 1960.

Orgain, Bell & Tucker, David J. Kreager, Beaumont, for appellant.

Adams & Browne, Gilbert T. Adams, Beaumont, for appellee.

CHADICK, Chief Justice.

This is an appeal in a common law damage suit. The judgment of the District Court is reversed and a new trial ordered.

John E. Flowers, the appellee, brought this action in a district court of Jefferson County against the Kansas City Southern Railway Company, the appellant, to recover damages for personal injuries and property damages resulting from a collision between his truck and a train. Trial was before a jury and judgment entered upon the jury's answer to 38 special issues awarding Flowers damages totaling $2,031.-12.

The source of the primary questions for review is in the jury's affirmative finding upon appellee's issues of discovered peril [1]

"Special Issue No. 1

"Do you find from a preponderance of the evidence that immediately prior to the time of the collision in question, John Flowers was in a position of peril?

"Answer 'Yes' or 'No'

"Answer: 'Yes'

"You are instructed that the term 'position of peril' shall have the following meaning:

"It does not mean that it is necessary that bodily injury will certainly be suffered by a person. A person is in a position of peril whenever he is pursuing a course or is in a position which will probably terminate in bodily injury to him, and from which he cannot, or may not in all probability extricate himself.

"If you have answered the preceding Special Issue No. 1 'Yes', and only in that event, then answer the following Special Issue:

"Special Issue No. 2

"Do you find from a preponderance of the evidence that the defendant's engineer or fireman or either of them, discovered John Flowers' peril?

"Answer 'Yes' or 'No'

"Answer: Yes.

"If you have answered the preceding Special Issue No. 2 'Yes', and only in that event, then answer the following Special Issue:

"Special Issue No. 3

"Do you find from a preponderance of the evidence that the defendant's employees, the engineer or the fireman, realized that John Flowers in reasonable probability could not or would not extri-

and two acts of primary negligence and subsidiary findings of negligence and proximate cause and the railroad's issue of sudden emergency[2] and subsidiary issue of negligence, proximate cause and sole cause.

■ Appellant's first point of error that the sole cause of the accident was a sudden emergency rebuts fault on the part of the railroad presents a question of importance but only brief discussion will be made. It is frankly admitted in appellant's brief that no case in Texas supports the contention but asserts there is an implication to that effect in Schroeder v. Rainboldt, 128 Tex. 269, 97 S.W.2d 679 and Coffey v. Fort

Worth & Denver Ry. Co., Tex.Civ.App., 285 S.W.2d 453. However, Goolsbee v. Texas & N. O. R. Co., 150 Tex. 528, 243 S.W.2d 386, rejects the theory that imminent peril is a principle or basis of liability and reiterates previous pronouncements that it is only a doctrine that may be invoked to lower the legal standard of care applicable to conduct under the stress of sudden emergency. See also Restatement of the Law of Torts, Vol. 2, Chapter 12, Sec. 296. The jury finding upon proximate cause and sole proximate cause in the sudden emergency series do not constitute the determination of controlling ultimate issues.

cate himself from his peril in time to avoid injury?
"Answer 'Yes' or 'No'
"Answer: Yes
"If you have answered the preceding Special Issue No. 3 'Yes' and only in that event, then answer this Special Issue:
"Special Issue No. 4
"Do you find from a preponderance of the evidence that the defendant's employees, the engineer or the fireman, discovered and realized such peril of John Flowers within such time and distance, that by the exercise of ordinary care and the use of all of the means at their command, consistent with their safety and that of the train and its contents, they could have avoided the collision?
"Answer: 'Yes' or 'No'
"Answer: Yes.
"If you have answered the preceding Special Issue No. 4 'Yes' and only in that event, then answer the following Special Issue:
"Special Issue No. 5
"Do you find from a preponderance of the evidence that the defendant's employees, the engineer or the fireman at that time and on the occasion in question failed to exercise ordinary care to use all of such means to avoid injury to John Flowers?
"Answer 'Yes' or 'No'
"Answer: Yes
"If you have answered the preceding Special Issue No. 5 'Yes' and only in that event, then answer the following Special Issue:
"Special Issue No. 6
"Do you find from a preponderance of the evidence that such failure, if any, was a proximate cause of injuries to John Flowers?

"Answer 'Yes' or 'No'
"Answer: Yes."

2. "Special Issue No. 21
"Do you find from a preponderance of the evidence that at the time of and immediately before the accident in question, the train crew in question was acting under an emergency?
"Answer 'Yes' or No'.
"Answer: Yes
"You are instructed that by the term 'emergency' as used in this Special Issue is meant a condition arising suddenly and unexpectedly and not proximately caused by any negligent act or omission of the train crew of the engine in question, and which called for immediate action on their part, without time for deliberation.
"If you have answered the foregoing Special Issue 'Yes', and only in that event, then answer the following:
"Special Issue No. 22
"Do you find from a preponderance of the evidence that after the emergency arose, if any, the train crew did what ordinarily prudent persons would have done under the same or similar circumstances?
"Answer 'Yes' or 'No'
"Answer: Yes.
"If you have answered the foregoing Special Issue 'Yes', and only in that event, then answer the following:
"Special Issue No. 23
"Do you find from a preponderance of the evidence that such emergency, if any, was a proximate cause of the accident in question?
"Answer 'Yes' or 'No'
"Answer: Yes."

The railroad's second point of error presents the question of irreconcilable conflict between the jury's findings of discovered peril and sudden emergency. It is well to notice at this point that no statement of fact, separate findings of fact or law have been made a part of the record on appeal. However, Flowers has countered the railroad's four points of error with six points and a motion to dismiss the appeal on the basis of the absence or insufficiency of an appeal bond.

As observed in the prefactory statement two acts of primary negligence and failure to exercise ordinary care to avoid the collision after timely discovery and realization of appellee Flowers' perilous position were each found by the jury to be a proximate cause of the collision, together with a concurrent finding under the sudden emergency series to an opposite effect, that at the time of and immediately before the collision the conduct of the train crew was that of ordinarily prudent persons.

Appellee Flowers would avoid the effect of the conflict upon several grounds. He suggests first the test of the Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985. Under that rule if there are findings, upon independent consistent issues capable of supporting a judgment after disregarding those in conflict, the findings upon issues in conflict become immaterial and may be ignored and judgment entered upon the consistent findings.

The formula does not permit entry of judgment here. Under the sudden emergency issue finding that the crew acted as reasonable and prudent men immediately prior to and at the time of the collision conflicts with the finding that they failed to so act in each of the three series of issues answered favorably to Flowers. Excepting the discovered peril issue it may be said this view is directly supported by Anding v. Queener, Tex.Civ.App., Texarkana 1940, 138 S.W.2d 126, wr. dism. j. corr. The only language in Anding v. Queener even suggesting a distinction is the recitation with respect to issues upon the contributory negligence, that the jury found the injured child failed to keep a proper lookout, attempted to run across the street and ran into the car, but that neither of these three acts constituted negligence. Such findings by the jury do not differentiate the case. The controlling jury findings were that the driver of the automobile, as the train crew in this case, was found to be acting under an emergency not proximately caused by negligence on his part, and used ordinary care after the emergency arose; and as primary negligence that the driver of the automobile failed to keep a proper lookout, that such failure was negligence and the proximate cause of the child's injury. In this case the issues of sudden emergency and the issue thereunder of the conduct of the engine crew are in almost the identical wording of the issues in Anding v. Queener and that form of submission was approved in Dallas Ry. & Terminal Co. v. Young, Tex.Civ.App., 155 S.W.2d 414, wr. ref. It must be held that there is an irreconcilable conflict in the jury's finding that identical conduct under Flowers' primary negligence issues was negligence and under the railroad's sudden emergency issue was not negligence.

On quite a different basis appellee Flowers would reconcile the conflict between the negligence finding of the discovered peril series and the contradictory negligence finding of the sudden emergency series on sequence in time. The jury found that the emergency arose at the time of and immediately before the collision. Appellee's argument is that the engine crew's negligence was completed when it discovered and realized Flowers' perilous position and failed to act to avoid a collision. Therefore, *the discovery, etc.,* occurred in point of time earlier than *the time of and immediately before the collision.*

Regarding the crew's conduct after discovery, etc., until the collision occurred he cites Daily v. Sugarland Industries, Tex. Com.App., 135 Tex. 532, 143 S.W.2d 931 opinion adopted, in which Judge Smedley

says that failure to act after discovery, etc., is very nearly the same as willful or intentional misconduct. Wilson v. Southern Traction Co., 111 Tex. 361, 234 S.W. 663, cites many authorities which support Judge Smedley's conclusion and holds that the civil consequences of the crew's failure to act to avoid the collision should be the same as for a willful or wanton act. It is to be pointed out in this case as it was in Daily v. Sugarland Industries that under the Court's charge the jury was required to find whether or not the crew "failed to exercise ordinary care to avoid the collision". [135 Tex. 532, 143 S.W.2d 932.] Regardless of the legal concept of the consequences of the jury's finding it was not asked to determine whether the engine crew acted willfully, wantonly or with reckless disregard of Flowers' rights, the charge merely requires the jury to determine whether the crew failed to exercise ordinary care, etc. The jury was charged that the term negligence meant failure to exercise ordinary care. And that ordinary care is that degree of care which an ordinarily prudent person would use under the same or similar circumstances. The jury found in the discovered peril series that after discovery, etc., *until the collision occurred* the crew failed to exercise ordinary care to avoid the collision. And concurrently found under the discovered peril series that the engine crew immediately before and at the time of the collision acted as ordinarily prudent persons. These findings cover in part the same period of time.

█ Generally, it may be presumed that juries do not intentionally make conflicting findings and the Courts will adopt an interpretation that will avoid a conflict. Ford v. Carpenter, 147 Tex. 447, 216 S.W. 2d 558; State v. Hale, 136 Tex. 29, 146 S.W.2d 731; Lewis v. Smith, Tex.Civ. App., 198 S.W.2d 598, wr. ref. From the standpoint of reasonableness the reconcili-

ation suggested does not commend itself. Confusion and misunderstanding would more aptly account for the jury's answer than a presumption that the jury applied the precise reasoning of the cymini sectories[3] and meant to decide where negligence ended and wantonness began. The argument made disregards the finding inherent in the issue that failure to act to avoid the collision is a form of continuing negligent conduct. And that failure to act continued until the collision occurred.

█ Appellee did not, previous to judgment, file a motion to disregard any issue found by the jury, but suggests now that all of the sudden emergency series may be disregarded in support of the judgment on appeal. He cites Younger Bros. v. Ross, Tex.Civ.App., 151 S.W.2d 621, err. dis.; White v. Munson, Tex.Civ.App., 162 S.W.2d 429, n. w. h.; Williams v. Voight, Tex.Civ.App., 264 S.W.2d 454, wr. ref., n. r. e.; Reddick v. Longacre, Tex.Civ. App., 228 S.W.2d 264, wr. ref., n. r. e.; Ynsfran v. Burkhart, Tex.Civ.App., 247 S.W.2d 907, wr. ref., n. r. e., and City Transportation Co. of Dallas v. Vatsures, Tex.Civ.App., 278 S.W.2d 373, err. dism., and Rule 279, Vernon's Ann.Texas Rules of Civil Procedure to support this position.

Upon the facts of this case the question under review, that is, conflict in jury findings, it may be said that none of the cases cited are contrary to the disposition of the question here and all may be distinguished or decision therein supported upon a theory that does not run counter to this decision.

It is also suggested that reconciliation will follow the application of the reasoning in the case of Railway Express Agency v. Spain, Tex.Civ.App., 249 S.W.2d 644, dismissed and opinion withdrawn, 152 Tex. 198, 255 S.W.2d 509. The reasoning of the withdrawn opinion can have no application here and no basis for reconciliation

---

3. In Sir Francis Bacon's essay on "Studies", meaning splitters of cummin seeds, one of the finest seeds, hence hair splitters.

is found. Appellant's second point is sustained.

Except point two, each of appellant's points of error and appellee's motion to dismiss are respectfully overruled, and the case is reversed and remanded for new trial.